**17-2765**
*United States v. Thiam*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2018

ARGUED: OCTOBER 9, 2018
DECIDED: AUGUST 5, 2019

No. 17-2765

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

MAHMOUD THIAM,
*Defendant-Appellant.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 17-cr-00047 (DLC) – Denise L. Cote, *Judge.*

————

Before: WALKER and LOHIER, *Circuit Judges,* and PAULEY, *District Judge.**

————

Defendant Mahmoud Thiam ("Thiam") appeals from a judgment entered in the United States District Court for the Southern District of New York following a

---

* Judge William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

jury trial before Denise L. Cote, *Judge*, convicting him of money laundering and conducting transactions in property criminally derived through bribery in the Republic of Guinea.  On appeal, Thiam challenges his conviction, arguing (i) that the district court's jury instructions were erroneous because they failed to include the definition of "official act" relative to a bribery conviction, as set forth in *McDonnell v. United States*, 136 S. Ct. 2355 (2016); (ii) that there was insufficient evidence (a) to support a finding of a quid pro quo exchange necessary for his conviction and (b) to support a finding that he committed an "official act" as defined in *McDonnell*; and (iii) that several evidentiary rulings by the district court were erroneous.  For the reasons set forth below, we AFFIRM the judgment of the district court.

————

> ELISHA J. KOBRE (Christopher J. DiMase, Daniel B. Tehrani, *on the brief*), Assistant United States Attorneys, Lorinda I. Laryea, Trial Attorney, Fraud Section, Criminal Division, United States Department of Justice, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

> JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY, *for Defendant-Appellant*.

————

JOHN M. WALKER, JR., *Circuit Judge*:

Defendant Mahmoud Thiam ("Thiam") appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Denise L. Cote, *Judge*, convicting him of money laundering and conducting transactions in property criminally derived through bribery in the Republic of Guinea.  On appeal, Thiam challenges his conviction, arguing (i) that the district court's jury instructions were erroneous because they failed to include

the definition of "official act" relative to a bribery conviction, as set forth in *McDonnell v. United States*, 136 S. Ct. 2355 (2016); (ii) that there was insufficient evidence (a) to support a finding of a quid pro quo exchange necessary for his conviction and (b) to support a finding that he committed an "official act" as defined in *McDonnell*; and (iii) that several evidentiary rulings by the district court were erroneous.  For the reasons set forth below, we AFFIRM the judgment of the district court.

## BACKGROUND

Thiam appeals from a judgment, after a jury trial, convicting him of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1956(f) and of conducting transactions in criminally derived property in violation of 18 U.S.C. § 1957.  Both statutes prohibit certain transactions involving proceeds of "specified unlawful activity."[2]  In relevant part, both 18 U.S.C. §§ 1956(c)(7)(B)(iv) and 1957(f)(3) define "specified unlawful activity" as "an offense against a foreign nation involving . . . bribery of a public official," in violation also of the laws of that foreign nation.

Thiam, a United States citizen, was Minister of Mines and Geology of the Republic of Guinea in 2009 and 2010, in which capacity he received an $8.5 million bribe from a Chinese entity in return for supporting a Chinese joint venture with Guinea.  Specifically, in the spring of 2009, Guinea entered into negotiations with the China International Fund ("CIF"), a Chinese company, to form a joint venture that would invest in various projects in Guinea, including mining concessions.  As Guinea's Minister of Mines and Geology, Thiam bore responsibility for negotiating many of the terms of the joint venture, which was documented by a Memorandum of Understanding, a Framework Agreement, and a Shareholder's Agreement.

---

[2] 18 U.S.C. §§ 1956(a) and 1957(a).

Approximately two weeks before the Shareholder's Agreement was executed, Sam Pa ("Pa"), the head of CIF, transferred $3 million into a bank account in Thiam's name at HSBC in Hong Kong. Five days later, a conglomerate associated with CIF reimbursed Pa. Between March and November 2010, the conglomerate transferred another $5.5 million to Thiam's Hong Kong account by funneling the funds through Pa and other executives. Starting in September 2009, Thiam transferred cash from his Hong Kong account to accounts in the United States and to other transferees, including vendors of various luxury items. Thiam also lied to banks about his employment, nationality, and income when opening accounts in Hong Kong and the United States. In his defense, Thiam testified at trial that the money he received from Pa was an undocumented personal loan with no interest rate or repayment date. The jury rejected this defense and convicted Thiam on both counts. This appeal followed.

At trial, the government proved violations of Articles 192 and 194 of Guinea's Penal Code as the predicate "offense against a foreign nation involving . . . bribery of a public official," as required by 18 U.S.C. §§ 1956(c)(7)(B)(iv) and 1957(f)(3). Articles 192 and 194 of Guinea's Penal Code criminalize "passive corruption," or the receipt of bribes by a public official, and "active corruption," or the payment of bribes to a public official, respectively. The government presented a sworn affidavit from a former Guinean Minister of Justice and law professor at the University of Conakry in Guinea explaining the meaning and elements of a violation of Articles 192 and 194. With the consent of both parties, the jury was instructed regarding Articles 192 and 194 in accordance with this affidavit.

## DISCUSSION

On appeal, Thiam attacks his conviction, arguing (i) that the district court's jury instructions were erroneous because they failed to include the definition of "official act" relative to a bribery conviction, as set forth in *McDonnell v. United States*, 136 S. Ct. 2355 (2016); (ii) that there was insufficient evidence (a) to support

a finding of a quid pro quo exchange necessary for his conviction and (b) to support a finding that he committed an "official act" as defined in *McDonnell*; and (iii) that several evidentiary rulings by the district court were erroneous. For the reasons set forth below, none of these arguments has merit.

## I.     Jury Instructions

"Generally, the propriety of jury instructions is a matter of law that is reviewed de novo," under a harmless error standard if the defendant objected to the jury instructions at trial and a plain error standard if he did not.[3] On appeal, Thiam argues that the jury instructions were erroneous because they failed to apply *McDonnell*'s definition of "official act" to Articles 192 and 194 of Guinea's Penal Code, violations of which were the "specified unlawful activity" underlying Thiam's convictions. We reject this assertion and hold that *McDonnell* does not apply to Articles 192 and 194 of Guinea's Penal Code. Therefore, regardless of whether our review is governed by the harmless error or plain error standard, the jury instructions were not erroneous for failing to include *McDonnell*'s "official act" language.

The defendant in *McDonnell*, a former Governor of Virginia, was indicted on bribery charges stemming from his acceptance of gifts, loans, and other benefits from a Virginia businessman in exchange for arranging for universities in Virginia to conduct tests on a nutritional supplement produced by the businessman.[4] To obtain a conviction on the bribery charges—honest services fraud and Hobbs Act extortion charges—the government was required "to show that Governor McDonnell committed (or agreed to commit) an 'official act' in exchange for the loans and gifts,"[5] and the parties agreed to use the definition of "official act" found

---

[3] *United States v. Botti*, 711 F.3d 299, 307–08 (2d Cir. 2013).

[4] *McDonnell*, 136 S. Ct. at 2361.

[5] *Id.*

in the federal bribery statute, 18 U.S.C. § 201(a)(3).[6] On appeal, the Supreme Court focused on the definition of "official act," and concluded that this term should be interpreted narrowly, such that "[s]etting up a meeting, talking to another official, or organizing an event (or agreeing to do so)—without more—does not fit [the] definition of 'official act.'"[7]

Principles of international comity, however, counsel against applying the "official act" definition set forth in *McDonnell* to Articles 192 and 194 of Guinea's Penal Code because this would require us to interpret Guinean law and, in doing so, limit conduct that Guinea has chosen to criminalize. The doctrine of international comity "is best understood as a guide where the issues to be resolved are entangled in international relations."[8] "Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States."[9] Although Thiam was not prosecuted in Guinea for his actions, presumably he could have been, and our interpretation of the Guinean statutes at issue here should not vary depending on that event. We therefore decline to undertake any such interpretation.

Moreover, Thiam's arguments to the contrary notwithstanding, Second Circuit precedent provides no support for applying *McDonnell* to Articles 192 and 194 of Guinea's Penal Code. Thiam claims support from *United States v. Silver*, a case in which the defendant was charged with honest services fraud and Hobbs

---

[6] *Id.* at 2365.

[7] *Id.* at 2372.

[8] *Jota v. Texaco, Inc.*, 157 F.3d 153, 160 (2d Cir. 1998) (quoting *In re Maxwell Commc'n Corp.*, 93 F.3d 1036, 1047 (2d Cir. 1996)).

[9] *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 742–43 (2d Cir. 2016) (internal quotation marks omitted).

Act extortion and to which we applied *McDonnell*'s limitations.[10]   Although the parties in *Silver* did not define "official act" by reference to 18 U.S.C. § 201(a)(3),[11] the defendants in both *Silver* and *McDonnell* were charged with honest services fraud and Hobbs Act extortion, and the definition of "official act" at issue in *McDonnell* related to those charges.[12]   *Silver* therefore provides no support for applying *McDonnell* beyond honest services fraud and Hobbs Act extortion charges.  Likewise, in *United States v. Boyland*, we applied the *McDonnell* standard to honest services fraud and Hobbs Act extortion, but not to violations under the "more expansive" 18 U.S.C. § 666.[13]  Thiam also points us to *United States v. Skelos*.[14] But *Skelos* presents a straightforward application of *Silver* to convictions including honest services fraud conspiracy and Hobbs Act extortion.[15]   Therefore, none of these cases provides support for applying *McDonnell* to Articles 192 and 194 of Guinea's Penal Code.

Thiam's remaining arguments for applying the reasoning in *McDonnell* to Articles 192 and 194 of Guinea's Penal Code are also unavailing.  Thiam argues that the texts of Articles 192 and 194 are sufficiently similar to the text of 18 U.S.C. § 201 so as to "favor[]" incorporation of the *McDonnell* limitations.  Appellant's Br. at 35.  Although the texts of Articles 192 and 194 bear some similarity to the text of 18 U.S.C. § 201(a)(3), this is unremarkable, given that all three statutes relate to bribery.  Nothing in *McDonnell* or in the language of Articles 192 and 194, which

---

[10] 864 F.3d 102, 117–19 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018).

[11] *Id.* at 111.

[12] *McDonnell*, 136 S. Ct. at 2365.

[13] 862 F.3d 279, 290–92 (2d Cir. 2017).

[14] 707 F. App'x 733 (2d Cir. 2017) (summary order).

[15] *Id.* at 736–37.  While *Skelos* did apply McDonnell's definition of "official act" to federal program bribery under 18 U.S.C. § 666, it was only because both the government's theory of the case and the jury instructions were based on "official acts."  *Id.* at 738.

plainly cover more than official acts, compels us to apply the *McDonnell* official act standard to those foreign provisions.

Thiam also argues that two of the reasons motivating the Supreme Court's narrow reading of "official act" in *McDonnell* – a concern that a broad definition would chill legitimate activities of government officials and a nod toward federalism – apply in this case as well. We disagree. In *McDonnell*, the Supreme Court focused on the nature of the relationship between government officials and their constituents, pointing out that "conscientious public officials arrange meetings for constituents, contact other officials on their behalf, and include them in events all the time" and explaining that a broad interpretation of "official act" could lead officials to "wonder whether they could respond to even the most commonplace requests for assistance" and cause "citizens with legitimate concerns [to] shrink from participating in democratic discourse."[16] Putting aside the fact that Thiam did not hold elected office, the nature of his relationship in Guinea to the Chinese company – constituent or not – does not concern a United States court. Also, there is obviously no concern for federalism here where the conduct at issue is one that another country has chosen to criminalize and has no bearing on state law.

For these reasons, we hold that *McDonnell* does not apply to Articles 192 and 194 of Guinea's Penal Code.[17] As a result, Thiam's argument that the jury instructions were improper necessarily fails.

## II.     Sufficiency of the Evidence

---

[16] *McDonnell*, 136 S. Ct. at 2372.

[17] Our holding in this case is limited to Articles 192 and 194 of Guinea's Penal Code. We do not address *McDonnell*'s application to prosecutions under other bribery statutes or reach any conclusions regarding whether *McDonnell* applies to all 18 U.S.C. § 201, honest services fraud, or Hobbs Act extortion prosecutions.

Thiam also argues that there was insufficient evidence (i) to support a finding of a quid pro quo exchange and (ii) to support a finding that he committed an "official act" as defined in *McDonnell*. We review challenges to the sufficiency of evidence *de novo*, "but must uphold the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[18] "Moreover, the jury's verdict may be based on circumstantial evidence, and the Government is not required to preclude every reasonable hypothesis which is consistent with innocence."[19]

Thiam argues that there was insufficient evidence to support a finding of a quid pro quo exchange because there was no "advance agreement to trade things of value for governmental action" and the "making of a gratuitous payment as an after-the-fact reward for a job well done" is not a crime. Appellant's Br. at 42. But given (i) the timing of the payments, with the first coming just two weeks before the Shareholder's Agreement was executed and others following soon thereafter, (ii) Thiam's efforts to conceal both his true employment and the source of the payments, and (iii) Thiam's implausible explanation at trial that the payments constituted an undocumented and interest-free personal loan, there is sufficient evidence to support a finding by the jury of a quid pro quo exchange. And there is no merit to Thiam's argument that the evidence was insufficient to support a finding that he committed an "official act" as defined in *McDonnell* in light of our holding that this definition is inapplicable to the Guinean statutes at issue.

## III.  Evidentiary Challenges

Finally, Thiam challenges evidentiary rulings made by the district court that (i) precluded him at trial from playing certain excerpts of his post-arrest interview with the FBI; (ii) admitted into evidence a summary chart showing his luxury

---

[18] *Silver*, 864 F.3d at 113 (quoting *United States v. Vernace*, 811 F.3d 609, 615 (2d Cir. 2016)).

[19] *United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) (internal quotation marks and citations omitted).

purchases and a text exchange between Thiam and a third party regarding Pa's incarceration; and (iii) permitted government cross-examination based on Thiam's noncompliance with foreign reporting requirements, his knowledge of Pa's other bribes, and his knowledge of corruption in Africa. We find no error with respect to these rulings, all of which are reviewable under an abuse of discretion standard.[20]

Thiam argues that the district court should have admitted certain excerpts of his post-arrest interview under the "rule of completeness." The "rule of completeness" doctrine under Rule 106 of the Federal Rules of Evidence provides that an "omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."[21] But it does not "require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages."[22] Thiam argues that the district court erred when it precluded statements he made in the interview about the role that other members of the Guinean government played in the negotiations with CIF and about personal loans he received from other third parties. Because the rule of completeness "is violated only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant,"[23] it was within the district court's discretion to exclude these statements. In any event, Thiam testified at trial about

---

[20] *United States v. Dupre*, 462 F.3d 131, 136 (2d Cir. 2006).

[21] *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987), *cert. denied*, 484 U.S. 844 (1987).

[22] *U.S. v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); *see also United States v. Williams*, No. 17-3741-cr, 2019 WL 2932436, at *8–10 (2d Cir. July 9, 2019).

[23] *United States v. Benitez*, 920 F.2d 1080, 1086–87 (2d Cir. 1990) (internal quotation marks omitted).

both matters, so the jury had before it the information Thiam claims was improperly excluded. Therefore, any potential error was harmless.

Thiam next challenges the admission into evidence of the summary chart showing his luxury purchases and of the text exchange regarding Pa's incarceration, arguing that the district court erred in finding this evidence to be more probative than prejudicial.[24] "[O]n review of a district court decision to admit evidence, we generally maximize its probative value and minimize its prejudicial effect."[25] Because this evidence was useful to the jury in understanding Thiam's motivation for accepting bribes and his consciousness of guilt respectively, the district court did not abuse its discretion in admitting it.

Finally, Thiam argues that the district court erred in permitting cross-examination that pertained to his noncompliance with foreign reporting requirements, knowledge of Pa's other bribes, and general knowledge of corruption in Africa. Because each of these lines of questioning related to Thiam's state of mind, the district court did not abuse its discretion in permitting this cross-examination.

## CONCLUSION

We have considered Thiam's other arguments and conclude that they are without merit. For these reasons, we AFFIRM the judgment of the district court.

---

[24] *See* Fed. R. Evid. 403.

[25] *United States v. Coppola*, 671 F.3d 220, 245 (2d Cir. 2012) (internal quotation marks omitted).