18-2235-cr
*United States v. Odiase*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,                                18-2235-cr

        v.

SYLVESTER T ODIASE, AKA THOMAS SEAN GRANT, SHARYI A. HARRIS,

        *Defendants*,

RACHELL ODIASE, AKA RACHEL ODIASE,

        *Defendant-Appellant.*

---

FOR APPELLEE:                               SEBASTIAN SWETT (Daniel B. Tehrani, *on the brief),* Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**          IRVING COHEN (Chanel Sochacki, *on the brief*), New York, NY.

Appeal from the July 19, 2018 judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Rachell Odiase ("Odiase"), AKA Rachel Odiase, appeals her convictions, following a jury trial, of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and engaging in a monetary transaction in property derived from a specified unlawful activity, in violation of 18 U.S.C. § 1957. Odiase argues that the evidence at trial was insufficient to support her convictions. She further argues that the Government wrongfully shifted the burden of proof to her. She next contends that the District Court erred or "abused its discretion" by excluding portions of her video interview with law enforcement.[1] Finally, she argues that the District Court erred by entering a restitution order holding her responsible for the entire loss caused by the fraud underlying the money laundering. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a challenge to the sufficiency of the evidence underlying a criminal conviction." *United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019). "We view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks omitted). We will uphold the judgment of conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Lyle*, 919 F.3d 716, 737 (2d Cir. 2019) (internal quotation marks omitted). We review a district court's evidentiary rulings for abuse of discretion. *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015). We likewise review a district court's restitution order for abuse of discretion. *United States v. Smathers*, 879 F.3d 453, 459 (2d Cir. 2018).

---

[1] "We have noted on many occasions that 'abuse of discretion' is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting." *United States v. Park*, 758 F.3d 193, 199–200 (2d Cir. 2014); *see also In re The City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Odiase first argues that the evidence presented at trial was insufficient to show that she knew that the funds at issue were the proceeds of an unlawful activity and that she knew that the financial transaction was for the purpose of obscuring the nature, source, location, or ownership of the funds. The substantive offense of "transaction money laundering" in violation of 18 U.S.C. § 1956(a)(1)(B)(i) requires proof of both knowledge that the property involved represents the proceeds of unlawful activity and knowledge that the transaction is designed to conceal or disguise the proceeds. *See United States v. Huezo*, 546 F.3d 174, 178-79 (2d Cir. 2008). The offense of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), requires proof that the defendant "knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy." *Huezo*, 546 F.3d at 180 (internal quotation marks omitted). The offense of transacting property derived from a specified unlawful activity under 18 U.S.C. § 1957 requires a showing of knowledge that the money at issue was "criminally derived property." 18 U.S.C. § 1957(a). Circumstantial evidence can provide sufficient evidence of intent. Moreover, "jurors are entitled, and routinely encouraged, to rely on their common sense and experience in drawing inferences." *Huezo*, 546 F.3d at 182.

The evidence presented at trial was sufficient to show both Odiase's knowledge that the proceeds were derived from unlawful activity and knowledge that the financial transaction she engaged in was for the purposes of concealing or disguising the funds. The evidence at trial showed that a cashier's check in the amount of $50,000 was deposited into Odiase's Bank of America account. Less than two weeks later, Odiase went in person to a Bank of America branch and withdrew a $50,000 cashier's check and deposited the check into an account in her name at Chase Bank. Both accounts were opened several months before this transaction occurred and did not appear to be used for Odiase's routine financial activity. The evidence further showed that the movement of the funds was directed by Odiase's son and co-defendant, Sylvester Odiase, and that the funds were the proceeds of a fraudulent scheme. The evidence also included portions of Odiase's interview with law enforcement in which she explained that she received the $50,000 from a man named "Frank" who had purchased merchandise from her discount store that she had shipped to Nigeria. Odiase could not provide further details about "Frank" such as his last name or phone number. She told officers she would provide evidence corroborating her story, but testimony showed that she failed to ever do so. Moreover, evidence showed that Customs and Border Protection had no record of Odiase's supposed exports.

Construing this evidence in the light most favorable to the government, we conclude that a rational jury could find that Odiase knew that the funds were derived from criminal activity. A jury could reasonably further find that Odiase moved the funds from one account to another in order to conceal and disguise the funds.

Odiase next contends that the District Court abused its discretion by excluding portions of her video interview with law enforcement. She argues that she was entitled to submit the entirety of

3

the video to the jury under the "rule of completeness" pursuant to Federal Rule of Evidence 106. Under Rule 106, if a party introduces part of a statement, the adverse party may introduce the remainder of the statement if "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019) (internal quotation marks omitted). But the rule does not require the admission of any part of a statement that is "neither explanatory of nor relevant to the admitted passages." *Id.* Moreover, "the rule of completeness is violated only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant." *Id.* Odiase does not point to specific excluded passages that were necessary to explain admitted portions. Instead, Odiase argues generally that the entire video was necessary to put the admitted statements in context and to explain Odiase's emotional state. But the portions of the video that the Government admitted did not distort the interview's meaning. Nor does Odiase point to any exculpatory information excluded by the Government's chosen excerpts. Accordingly, we conclude that Rule 106 did not require the admission of the entire interview, and the District Court did not abuse its discretion by excluding portions of the video.

Odiase further argues that the Government improperly shifted the burden of proof to her by suggesting that she was obligated to produce evidence to defend herself. The Government may not "suggest that the defendant has the burden of producing evidence." *United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994). But the Government may argue that the defendant has failed to support her own factual theory. *See United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992). Here, the Government questioned a witness about whether Odiase had ever provided to the Government the corroborating evidence she claimed to have to support her story of selling merchandise in Nigeria. The witness responded that she had not. This questioning is best understood as the Government's attempt to highlight Odiase's lack of credibility in her law enforcement interview, in which she repeatedly stated that she would provide specific materials, such as shipping receipts, to support her story. Moreover, any suggestion that that the defendant had the burden to produce evidence was corrected by the District Court's curative instruction immediately after the Government's questioning. *See Bautista*, 23 F.3d at 733.

Odiase finally argues that the District Court wrongfully entered a restitution order holding her liable for the full amount of the fraudulent funds that were laundered, rather than solely the funds that she herself laundered. Under the Mandatory Victims Restitution Act, a District Court must enter a restitution order for certain specified crimes of conviction. 18 U.S.C. § 3663A(a)(1). A court may order restitution only for "loss caused by the specific conduct forming the basis for the offense of conviction." *United States v. Gushlak*, 728 F.3d 184, 195 n.7 (2d Cir. 2013) (internal quotation marks omitted). Where the crime of conviction is a conspiracy, a district court may order the defendant to pay restitution for the reasonably foreseeable losses caused by the conspiracy. *See United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000). In the instant case, Odiase was convicted of a

4

money laundering conspiracy, and it was reasonably foreseeable to Odiase that the conspiracy involved additional losses. Accordingly, the District Court did not abuse its discretion by directing Odiase to pay the full amount involved in the money laundering conspiracy for which she was convicted.

## CONCLUSION

We have reviewed all of the arguments raised by Odiase on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 19, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk