*United States v. Defilippo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
CHRISTOPHER F. DRONEY,
*Circuit Judge*,
JEFFREY ALKER MEYER,*
*District Judge*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                 No. 18-2249

ROCKY DEFILIPPO,

      *Defendant-Appellant*,

---

| | |
|---|---|
| For Defendant-Appellant: | ANTHONY O'ROURKE, Federal Defenders of New York Appeals Bureau, New York, NY. |

---

* Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

For Appellee:                               ALEX ROSSMILLER (Douglas Zolkind, Daniel B. Tehrani, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment entered on July 26, 2018 in the United States District Court for the Southern District of New York (Pauley, *J.*) convicting defendant of wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and of making false statements in violation of 18 U.S.C. § 1001, and sentencing defendant to two years of probation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Rocky DeFilippo appeals from a judgment convicting him of wire fraud, conspiracy to commit wire fraud, and making false statements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

DeFilippo was hired by the Amtrak Police Department in 2007. Several months later, Amtrak entered into a collective bargaining agreement with the Amtrak police officer union. That agreement provided, among other things, that officers could receive credit towards a raise for time spent "in active status" at another police agency prior to their employment with Amtrak. A "Q&A" document clarified that the credit was not available for "any non-sworn police officer service."

Since 2003, DeFilippo had volunteered with the Suffolk County Police Department ("SCPD") as an "auxiliary police officer," a position that carries no actual police powers. In 2012, DeFilippo requested and received from SCPD a letter verifying that he was an auxiliary officer in good standing. Instead of submitting that letter to Amtrak, however, DeFilippo

2

submitted a doctored version which falsely stated that he was a "Reserve Police Officer" and an "active member of th[e] department." DeFilippo's application for pay adjustment was initially denied, but he was eventually granted the adjustment and $4,000 in backpay as part of a settlement negotiated by the union on behalf of himself and other officers.

The federal government launched an investigation into the above-described events. During an interview with federal agents, DeFilippo repeatedly denied doctoring the second letter. He later admitted that he had inserted the word "active," but continued to deny that he had changed "auxiliary" to "reserve."

DeFilippo was indicted for wire fraud, conspiracy to commit wire fraud, and making false statements. After the jury convicted him of all counts, the district court sentenced him to two years of probation and imposed a $1,500 fine.

On appeal, DeFilippo first challenges the sufficiency of the evidence supporting the wire fraud and conspiracy counts, arguing that his falsehoods were immaterial as a matter of law. We review a challenge to the sufficiency of the evidence *de novo*, "view[ing] the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019).[1]

To secure a conviction for wire fraud, the government must prove that the defendant's misrepresentations were material. *See Neder v. United States*, 527 U.S. 1, 25 (1999). "A false statement is material if it has a natural tendency to influence, or is capable of influencing, the

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

decision of the decisionmaker to which it was addressed." *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017).

DeFilippo argues that Amtrak reserved prior service credit for sworn police officer work, a category that includes some but not all reserve officers. Thus, DeFilippo argues, his misrepresentation that he was a reserve officer could not have influenced Amtrak's decision whether to award him a pay adjustment; at most it could trigger additional investigation into whether he was "sworn." However, Lorraine Lech, a senior manager in Amtrak's labor relations office, testified that she understood a reserve officer to be a "commissioned police officer" who would "typically qualify" for the service credit. The jury could thus have reasonably concluded that DeFilippo's misrepresentation that he was a reserve officer was at least "capable of influencing," *Weaver*, 860 F.3d at 94, Amtrak's ultimate decision. Although other witnesses testified to a different understanding of the authority held by reserve officers, the jury was not obligated to credit those witnesses over Lech.

DeFilippo next argues that the district court violated the rule of completeness, *see* Fed. R. Evid. 106, by admitting some parts of DeFilippo's recorded federal interview but not others. Specifically, the district court admitted portions of the interview, in which DeFilippo asked the agents about the consequences he would face if he "c[a]me clean," on the ground that such statements reflected consciousness of guilt. The court declined, however, to admit certain portions of the interview in which DeFilippo argued that there was no distinction, for service credit purposes, between reserve and auxiliary officers. DeFilippo argues that the excluded portions of the interview suggest that he did not believe he had done anything wrong and, thus, undermine the inference that his previous statements reflect consciousness of guilt.

4

"[T]he rule of completeness is violated only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant." *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019). "The trial court's application of the rule of completeness is reviewed for abuse of discretion." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007). "[W]e will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019).

Even assuming, without deciding, that the district court erred in excluding the disputed portions of the interview, any error was harmless. "An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011). The admitted excerpt of the interview included DeFilippo voicing his view that the service credit agreement did not distinguish between reserve and auxiliary officers. The jury was thus able to evaluate DeFilippo's argument that he did not believe he had done anything wrong, even without the excluded portions of the interview.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
