22-1224-cr
United States v. Williams

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　MICHAEL H. PARK,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　No. 22-1224-cr

RONALD WILLIAMS, AKA
BLACKMAN, AKA JURMAINE,
AKA LEON GORDON, AKA
MARCUS REESE,

　　　　　*Defendant-Appellant*,

1

LEON CAMPBELL, AKA COUNTRY,

*Defendant*.

--------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: SUSAN G. KELLMAN (Ezra Spilke, *on the brief*), Law Offices of Susan G. Kellman, Brooklyn, NY

FOR APPELLEE: HIRAL D. MEHTA (Susan Corkery, *on the brief*), Assistant United States Attorney, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Ronald Williams appeals from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*) convicting him, after a jury trial, of (1) conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(C); (2) conspiracy to commit obstruction of justice murder, in violation of 18 U.S.C. §§ 1512(k), 1512(a)(1)(C),

2

and 1512(a)(3)(B)(i); (3) conspiracy to commit murder for hire, in violation of 18

U.S.C. § 1958(a); (4) being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (5) use of a firearm during

and in relation to a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A)(i). Williams argues that there was insufficient evidence to support

his conviction on the conspiracy to commit murder charges; the District Court

erroneously excluded his post-arrest statement to law enforcement; and the

District Court erred in calculating his criminal history at sentencing. We assume

the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to

affirm.

## I. Sufficiency of the Evidence

First, Williams argues that there was insufficient evidence at trial to

support two counts of conviction: conspiracy to commit murder for hire and

obstruction of justice murder, each stemming from a plot between Williams and

co-conspirator Leon Campbell to kill Everton Leslie, a suspected government

informant.

We review a challenge to a conviction based on the sufficiency of the

evidence *de novo* and "uphold the jury verdict if drawing all inferences in favor of the prosecution and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (quotation marks omitted). A defendant challenging a conviction on sufficiency grounds thus bears a "heavy burden." *Id.* (quotation marks omitted).

Williams has not met that burden. As the District Court noted, the jury heard evidence that: "(1) Williams was aware that Campbell had been pursued by federal law enforcement, (2) Williams was aware that Campbell suspected an informant, (3) Campbell had accused Leslie of being an informant, and (4) Williams was aware that Campbell no longer believed that the informant was a former prison inmate." Dist. Ct. Dkt. No. 374, at 7. The jury also heard multiple phone calls between Campbell and Williams, including a call during which Campbell described Leslie to Williams, told Williams Leslie's approximate address and current location, and offered Williams $5,000 to kill Leslie. Based on this and other evidence adduced at trial, we conclude that there was sufficient evidence presented to prove both conspiracy charges.

## II. Williams' Post-Arrest Statement

Williams next asserts that the District Court erred in excluding a portion of his post-arrest statements to law enforcement officers, while admitting his inculpatory statements. In particular, Williams contends that his post-arrest exculpatory statements – that he never intended to carry out the murder for hire and instead intended to rob Campbell – were necessary to put the admitted statements in context. He thus argues that the exculpatory statements should have been admitted under Federal Rule of Evidence 106, the rule of completeness.

The rule of completeness "provides that an omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019) (quotation marks omitted); *see* Fed. R. Evid. 106. The rule, however, "does not require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Thiam*, 934 F.3d at 96 (quotation marks omitted). We review a district court's application of the rule of completeness for abuse of discretion. *See United States v. Williams*, 930

5

F.3d 44, 58 (2d Cir. 2019).

With these principles in mind, we reject Williams' argument. As the District Court noted, the admitted passage refers only to the intent and conduct of Campbell, not of Williams. Accordingly, Williams' statements were "neither explanatory of nor relevant to the admitted passage[]," *United States v. Johnson*, 507 F.3d 793, 797 (2d Cir. 2007) (quotation marks omitted), and the District Court did not abuse its discretion in declining to admit them.

## III. Sentencing

Williams finally challenges his sentence, arguing that his 2007 attempted assault and 2009 weapons charges were part of the same course of conduct as his 2013 conspiracy to distribute marijuana charge and thus should have been considered relevant conduct for purposes of his sentencing.[1] We review a district court's determination of whether acts constitute relevant conduct for clear error. *United States v. McCray*, 7 F.4th 40, 47 (2d Cir. 2021). On clear-error review, we conclude that Williams has not demonstrated that his 2007 and 2009

---

[1] "Under the Guidelines a defendant's base offense level is determined based on 'relevant conduct,'" *United States v. Burnett*, 968 F.2d 278, 280 (2d Cir. 1992), which does not count as part of a defendant's criminal history, *see* U.S.S.G. § 4A1.2 cmt. n.1. Relevant conduct includes acts that "were part of the *same course of conduct* . . . as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (emphasis added).

charges and the marijuana distribution conviction in this case are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."  U.S.S.G. § 1B1.3 cmt. n.5(B)(ii).  We therefore see no error in the District Court's finding that Williams' 2007 and 2009 charges were not relevant conduct, and we accordingly affirm the sentence.

## CONCLUSION

We have considered Williams' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7