23-7211-cr
*United States v. Ramsey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-four.

Present:

> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                              23-7211-cr

GERMAINE RAMSEY,

> *Defendant-Appellant*,*

---

For Appellee:                          Meredith A. Arfa (David C. James, *on the brief*), Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant:                    MATTHEW B. LARSEN, Assistant Federal Defender, Federal Defenders of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Germaine Ramsey appeals from a September 27, 2023 judgment of the United States District Court for the Eastern District of New York (Ross, *J*.) convicting her, following a jury trial, of (1) conspiring to steal United States property in violation of 18 U.S.C. § 371; (2) aiding and abetting the theft of such property in violation of § 2 and § 641; and (3) making a false statement in violation of § 1001.   At trial, the government presented evidence that Ramsey and her co-conspirator Robert Gaines conspired to steal, and did steal, remittance funds totaling $7,781 from a safe in a vault at the Metro Station post office in Brooklyn, New York.   This evidence included testimony regarding Ramsey's admissions to agents of the United States Postal Service Office of the Inspector General ("USPS-OIG") that she provided her then-fiancé Gaines information necessary to gain access to the remittance safe and commit the theft.   The government also submitted video evidence that Ramsey entered the Metro Station vault prior to the theft and appeared to check the contents of the remittance safe.   According to cell site location data, Ramsey then left and joined Gaines at their shared residence before they both traveled to Metro Station.   Video evidence showed that Gaines accessed Metro Station using the employee entrance and thereafter twice entered the vault.   A few hours later, Ramsey purchased money orders totaling $4,000, and the remittance funds were discovered missing the following day.

USPS-OIG agents interviewed Ramsey regarding the missing funds on January 2, 2020, at which point Ramsey denied involvement in the theft.   In a subsequent interview on January 28,

2

2020, she again initially denied involvement. Interviewing Agent Strasser testified that, when asked why she had entered the vault, Ramsey claimed she did so to return a set of Metro Station keys. But after further questioning, Ramsey admitted she had lied during both interviews. Ramsey also stated during this interview that Gaines was abusive and that he had demanded information from her regarding the layout of Metro Station, which she then provided to him. Agent Strasser addressed these reports of abuse at the end of the interview, asking if she felt safe returning to her shared residence with Gaines. Ramsey responded that she was fine to go home.

Ramsey first argues that her convictions under Counts One and Two must be vacated because the district court abused its discretion by excluding statements she made to law enforcement alleging that Gaines was abusive and threatening. Ramsey argues that the rule of completeness required admitting these hearsay statements to provide necessary context for other admitted statements, made in the same interview, that she gave Gaines information critical to committing the theft. In addition, Ramsey argues that her conviction under Count Three should be set aside because the government did not provide sufficient evidence that she "falsely stated she entered the vault at the Post Office . . . only to return a key," when in fact "she entered the vault . . . to check on the contents of a safe drawer inside the vault at the Post Office."

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.    Rule of Completeness**

"We review the district court's evidentiary rulings 'under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous.'" *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (quoting *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015)).

While Ramsey's out-of-court statements may be admitted as opposing party statements when offered against her, they are considered inadmissible hearsay when offered by Ramsey for their truth. *See* Fed. R. Evid. 801(d)(2). The district court is required to place otherwise inadmissible hearsay statements into evidence, however, if their exclusion would violate the rule of completeness.[1] *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007). The rule of completeness requires that "an 'omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019) (quoting *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987)). This Court has held that "the rule of completeness 'is violated only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant.'" *Id.* (quoting *United States v. Benitez*, 920 F.2d 1080, 1086–87 (2d Cir. 1990)). Moreover, we have been careful to note that "the rule of completeness does not require the admission of self-serving exculpatory statements in all circumstances." *Williams*, 930 F.3d at 61 (emphasis omitted); *see also United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021) (explaining that the rule "permits a party to correct an incomplete and misleading impression" but

---

[1] At the time of Ramsey's trial, Federal Rule of Evidence 106 partially codified the common law rule of completeness, allowing a party against whom "all or part of a writing or recorded statement" is introduced to "require the introduction . . . of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. That rule was amended, effective December 2023, to apply to oral testimony as well as recorded statements. Fed. R. Evid. 106 Advisory Committee Note to 2023 Amendments. But because we have previously held that Federal Rule of Evidence 611(a) renders the rule of completeness "substantially applicable to oral testimony, as well," the rule nevertheless applies here. *United States v. Johnson*, 507 F.3d 793, 796 n.2 (2d Cir. 2007) (quoting *United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir. 1994)).

"does not permit a party to introduce . . . statements to affirmatively advance their own, alternative theory of the case").

The exclusion of Ramsey's hearsay statements at trial below raises none of the concerns addressed by the rule of completeness. The government introduced Ramsey's admission from the January 28, 2020 interview that she provided Gaines information on accessing the Metro Station remittance safe. Ramsey's allegations of Gaines's threatening behavior, while made during the same interview, were not necessary to explain or understand the meaning of Ramsey's straightforward admission that she passed along information crucial to carrying out the theft. Nor were the excluded hearsay statements necessary to place the admitted portions into context. Statements alleging that Gaines's threatening behavior prompted Ramsey to share information might have helped place Ramsey's confession in context if she had made the necessary factual showing to present a duress defense. *See United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) (explaining a defendant is not entitled to present a duress defense if the "evidence is insufficient as a matter of law to establish the defense"). But Ramsey did not argue to the district court that she intended to present such a defense. As the district court observed, Ramsey had "not clarified whether she intends to introduce a duress defense or otherwise argue that she was pressured by [Gaines] into committing criminal acts," and in fact there was "no evidence that Ms. Ramsey acted under duress." *United States v. Ramsey*, No. 21-CR-495, 2023 WL 2523193, at *5 (E.D.N.Y. Mar. 15, 2023). Because Ramsey did not attempt to establish, and likely could not have established, the elements of a duress defense, the district court did not abuse its discretion in excluding Ramsey's allegations as context for the admitted statements.

While Ramsey argues that her statements regarding Gaines's threatening behavior provide necessary context to understand her "intent" in providing information crucial to accessing the

remittance safe, her argument conflates intent with motive. *See generally Havens v. James*, 76 F.4th 103, 114 n.12 (2d Cir. 2023) ("It is well established that the 'motives' that prompt one's conduct are not the same as the mental state associated with that conduct."). The Supreme Court has explained that the "intent to undertake some act is . . . perfectly consistent with the motive of avoiding adverse consequences which would otherwise occur." *Rosemond v. United States*, 572 U.S. 65, 81 n.10 (2014). We have therefore held that a defendant's "conscious participation" in a crime, "with full knowledge that [the] conduct was illegal, would not be any less intentional or willful for purposes of criminal law if his conduct was motivated by threats as opposed to a desire for profit." *United States v. Pitterson*, No. 20-2994, 2022 WL 779256, at *2 (2d Cir. Mar. 15, 2022) (summary order).

The evidence presented to the jury created a strong inference that Ramsey intended for Gaines to commit the theft. Ramsey provided Gaines with information to access the remittance safe, traveled with him to Metro Station, waited nearby while he committed the theft, and purchased money orders with the stolen funds. That Ramsey might have been motivated by Gaines's threatening behavior does not negate her intent to bring about the theft of the remittance funds. This is consistent with the Court's holding that threats sufficient to establish a duress defense "do[] not negate a defendant's criminal state of mind" but rather allow a defendant to avoid criminal liability "because the coercive conditions . . . negate[] a conclusion of guilt." *Dixon v. United States*, 548 U.S. 1, 7 (2006). Thus, Ramsey's hearsay statements cannot be construed as necessary to contextualize her intent in committing acts that aided in the theft of the remittance funds, and the rule of completeness does not require their admission.

**II.      Sufficiency of the Evidence**

"We review preserved claims of insufficiency of the evidence *de novo*."    *United States v. Capers*, 20 F.4th 105, 113 (2d. Cir. 2021) (quoting *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020)).[2]    "Even on de novo review, however, . . . we must sustain the jury's verdict if, 'credit[ing] every inference that could have been drawn in the government's favor' and 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"    *Id*. (quoting *United States v. Ho*, 984 F.3d 191, 199 (2d Cir. 2020)) (alteration in original).    This Court "may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."    *United States v. Raniere*, 55 F.4th 354, 364 (2d Cir. 2022) (quoting *Capers*, 20 F.4th at 113).

Here, the government presented sufficient evidence for a reasonable jury to find that Ramsey "falsely stated she entered the vault at the Post Office . . . only to return a key" when she "knew and believed she entered the vault . . . to check on the contents of a safe drawer inside the vault at the Post Office."    This finding is supported by Agent Strasser's testimony that when he asked Ramsey why she had been in the vault, she initially told him that she had to return the keys.    But upon further questioning, she changed her story several times before admitting she had lied in two interviews with multiple postal inspectors.    Agent McInerney also testified that after questioning regarding Ramsey's reasons for entering the vault during the earlier interview, Ramsey admitted she had no reason to be in there.    Taken together, this testimony provides sufficient evidence for

---

[2] Ramsey moved for acquittal as to all elements of all three counts on the basis that the evidence was insufficient to sustain a conviction, pursuant to Federal Rule of Criminal Procedure 29.    The district court denied this motion.    Thus, Ramsey has preserved this claim for review on appeal.

a reasonable jury to infer that when Ramsey stated that she entered the vault to return the keys, without providing any other reasons for doing so, she lied and concealed her true reason for entering the vault. *See United States v. Sampson*, 898 F.3d 287, 306 (2d Cir. 2018) (explaining that the completeness and accuracy of "a responsive statement must be judged according to common sense standards").

Ramsey argues that the government adduced no evidence that she specifically stated that she entered the vault "*only* to return the key." But while the defense puts this statement in quotation marks, the indictment does not, and the government was not required to prove that Ramsey made this statement verbatim. The government provided testimony that when initially asked why she entered the vault, Ramsey gave only the explanation of returning the key. And further, the government offered evidence that by providing only this reason, Ramsey concealed her true reason for entering the vault. This is not a case in which a defendant was "convicted on a charge the grand jury never made against him." *Stirone v. United States*, 361 U.S. 212, 219 (1960). Rather, Ramsey is advocating one narrow reading of the indictment, while the jury permissibly adopted another. Thus, we sustain the jury's verdict on appeal.

\* \* \*

We have considered Ramsey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8