USA v. Smathers

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2017

(Argued:  October 18, 2017                    Decided:  January 9, 2018)

Docket No. 16-2394

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v. -

JASON SMATHERS,

*Defendant-Appellant*.

_____

Before:  KEARSE, CABRANES, and WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York, Alvin K. Hellerstein, *Judge*, denying defendant's postsentence motion to reduce or eliminate his remaining restitution obligation by the amounts recovered by his crime victim in its civil litigation against other persons, *see* 18 U.S.C. §§ 3663A, 3664.  The district court denied the motion on the ground that defendant did not show that those recoveries were for the same loss he caused or that the victim has been fully compensated for the loss he caused it.  Defendant contends principally that the court erred in ruling that he had the burden of proving that the losses were the same, and in not concluding that the victim's recoveries reduced or eliminated defendant's restitution obligation.

We conclude that the district court's ruling that defendant had the burden of proof on these issues was within the court's discretion and that there were no errors in the court's ruling.

Affirmed.

ANDREW THOMAS, Assistant United States Attorney, New York, New York (Joon H. Kim, Acting United States Attorney for the Southern District of New York, Michael Ferrara, Assistant United States Attorney, New York, New York, on the brief), *for Appellee*.

SUSAN C. WOLFE, New York, New York, *for Defendant-Appellant*.

KEARSE, *Circuit Judge*:

Defendant Jason Smathers, who was convicted in 2005, following his plea of guilty, of conspiring, in violation of 18 U.S.C. § 371, to misappropriate and sell property of America Online ("AOL"), and was ordered to, *inter alia*, pay AOL restitution in the amount of $84,000, appeals from a June 22, 2016 order of the United States District Court for the Southern District of New York, Alvin K. Hellerstein, *Judge*, denying his motion, made *pro se*, for a reduction of his remaining restitution obligation by amounts recovered by AOL in civil litigation against other persons. The district court ruled that Smathers failed to show that those amounts recovered by AOL were compensation for the same loss caused by Smathers or that AOL has been fully compensated for the loss caused by Smathers. On appeal, Smathers, represented by counsel, contends principally that the district court erred in imposing on him "the full burden" (Smathers brief on appeal at 26) of proving that AOL's recoveries were for the same loss caused by Smathers and that the court clearly erred in finding that the losses were not the same. He also complains that the district court denied his motion without a hearing. Concluding that his contentions lack merit, we affirm.

# I. BACKGROUND

The record of Smathers's prosecution, *United States v. Smathers*, S.D.N.Y. No. 04CR1273, shows the following. In 2005, Smathers, represented by counsel, pleaded guilty to conspiring from about April 2003 through about April 2004, in violation of 18 U.S.C. § 371, to affect interstate commerce by relaying and retransmitting deceptive emails in violation of the CAN-SPAM Act, 18 U.S.C. § 1037, and to transmit in interstate commerce a stolen list of AOL customer names, having a value of $5,000 or more, in violation of 18 U.S.C. § 2314. In furtherance of the conspiracy, Smathers, an employee of AOL, misappropriated an AOL customer list containing approximately 92 million screen names. Smathers sold that list ("the Smathers List") to Sean Dunaway for $28,000; Dunaway sold that list to Braden Bournival; Bournival used it to send to AOL customers between three and seven billion unsolicited email advertisements (or "spam," *see The American Heritage Dictionary of the English Language* at 1678 (5th ed. 2011) (defining "spam" as, *inter alia*, "[u]nsolicited email, often of a commercial nature, sent indiscriminately to multiple mailing lists, individuals, or newsgroups")). AOL estimated that the cost of processing those spam emails was about 10 cents per 1,000 emails, amounting to $300,000-$700,000.

Smathers was sentenced principally to 15 months' imprisonment, to be followed by three years of supervised release, and was ordered to pay restitution to AOL. In determining the amount of Smathers's restitution obligation under the Mandatory Victims Restitution Act ("MVRA"), *see* 18 U.S.C. §§ 3663A and 3664, the district court noted that Smathers's plea agreement stated that the loss to AOL was $300,000; but the court declined to order Smathers to pay restitution in that amount because, *inter alia*, some portion was overhead rather than out-of-pocket expense, and it

3

thought that ordering him to pay $300,000 would give AOL a windfall. Instead, trebling the $28,000 that Smathers had received for selling the AOL list, the court ordered Smathers to pay restitution in the amount of $84,000. The judgment so ordered but stated that the "Total Loss" was "$300,000." Judgment, August 17, 2005.

A. *Smathers's First Attempt To Reduce His Restitution Obligation*

In March 2007, Smathers's attorney sent a letter to the district court stating, *inter alia*, that AOL had commenced a civil suit, *America Online, Inc. v. Hawke*, 04-259-A (E.D. Va.) ("*Hawke* Litigation"), against Davis Wolfgang Hawke, Bournival (who had purchased the Smathers List from Dunaway), and others. (*See* Letter from Susan C. Wolfe to Honorable Alvin K. Hellerstein dated March 26, 2007 ("2007 Wolfe Letter"), at 3.) The letter stated that the *Hawke* Litigation docket indicated that AOL had reached an undisclosed settlement with Bournival and had obtained a $12,834,553.82 default judgment against Hawke and two others; and that "various internet news sources" stated that AOL had collected some $95,000 and a Hummer vehicle in that litigation. (*Id.*) Smathers contended that the $95,000 alone exceeded his entire restitution obligation (*see* 2007 Wolfe Letter at 3) and asked the court to determine the full amount of AOL's recoveries and to determine whether or to what extent his restitution obligation should be modified pursuant to 18 U.S.C. § 3664(j)(2).

In response, the court gave Smathers "permission to file a motion for appropriate relief based on affidavits and competent proof." Order dated March 26, 2007 ("2007 Order"). No such motion was forthcoming.

B. *Smathers's Subsequent Requests for Reduction*

Eight years later, Smathers sent a *pro se* letter to the district court "request[ing] a status conference regarding the restitution ordered in []his case." (Letter from Jason Smathers to Honorable Alvin K. Hellerstein dated March 2, 2015 ("Smathers 2015 Letter"), at 1.) He stated that restitution payments had been made by Dunaway in Dunaway's criminal case and that payments had been made by Bournival in AOL's civil litigation--referred to in the 2007 Wolfe Letter. He stated that those payments were for the same loss that he had caused (*see* Smathers 2015 Letter at 1 n.1) and that he believed that "the restitution ordered in []his case" had therefore been "collected in full already through third party payments" (*id*. at 1).

The district court responded that a status conference was not appropriate because there were no ongoing proceedings before the court. It stated that any request for relief should be made by motion, showing the court's jurisdiction and the reasons supporting the relief requested.

Nearly a year later, Smathers brought his present *pro se* Motion To Compel Proper Enforcement of Restitution Order and Injunction, filed February 24, 2016 ("2016 Restitution Reduction Motion"), repeating his contention that the restitution payments made by Dunaway and the payment by Bournival in settlement of AOL's civil suit were for the same loss caused by Smathers and were sufficient in amount to extinguish Smathers's restitution obligation. No details were cited, and no affidavits or other evidentiary materials were submitted. Instead, Smathers argued that the government "should . . . have access" to the sealed documents in the AOL civil litigation, "should be in the position to determine all payments made for the same action and reduce the restitution amount by these third party payments," and should be ordered to "reduce [Smathers's] restitution amount" by the amounts paid by Dunaway and Bournival. (*Id*. at 2; *see id*. at 3.)

5

The district court ordered the government to respond to the motion and to "make timely appl[icatio]n . . . to unseal any relevant case files or orders." Order dated February 29, 2016.

The government did not seek the unsealing of any documents in AOL's civil litigation. Rather, it responded to Smathers's 2016 contention that the payments to AOL by Dunaway and Bournival reduced or eliminated Smathers's restitution obligation by noting, in part, that

> Smathers made the same argument in a March 26, 2007 letter to the Court. At that time, *the Court ordered the defendant "to file a motion for appropriate relief, based on Affidavits and competent proof . . . ."* (Dkt. No. 40). *Smathers never did so.* Rather, Smathers's most recent application simply posits he is entitled to relief unless the Government proves otherwise. He is not.
>
> Unless and until Smathers comes forward with proof, the Court should deny Smathers's motion.

(Letter from Assistant United States Attorney Andrew Thomas to Honorable Alvin K. Hellerstein dated April 11, 2016, at 1 (emphases ours).)

The government argued, *inter alia*, that while Smathers "declare[d]" that the moneys received by AOL were for the same loss that Smathers caused, he had not presented any evidence to support either that proposition (*id*. at 2) or the proposition that the amounts received by AOL totaled the $300,000 listed in the Judgment against Smathers as AOL's total loss (*see id*. at 1).

Smathers filed a reply memorandum arguing, *inter alia*, that $300,000 should not be considered the amount of AOL's loss, that the district court "determined this amount was not sufficiently proven and instead used $84,000," and that AOL "should be considered fully recovered when" it has recovered "$84,000 from any source." (Smathers's Reply to Government's Opposition to Defendant's Motion To Compel Proper Enforcement of Restitution Order and Injunction at 1.) He reiterated assertions made in the 2007 Wolfe Letter that news reports said AOL had collected more

6

than $84,000, plus a Hummer.  (*See id*. at 4.)

Smathers argued that the government is "in a position to verify the facts alleged in [his] motion" and should do so instead of continuing to "pursue collection of restitution without taking any steps to verify if any or all of the restitution has been recovered."  (*Id*. at 2.)  And Smathers argued that if $300,000 is the correct loss number, the government should be required to "provide an accounting of the victim's recovery from all sources to see if this amount has been paid."  (*Id*. at 3.) He also asked the court to appoint counsel for him and provide instruction as to how to proceed.  (*See id*. at 5.)

C. *The District Court's Decision*

In an order dated June 22, 2016 ("June 2016 Order"), the district court denied Smathers's motion.  While noting that at Smathers's sentencing it had expressed "discomfort with [$300,000] as the loss amount," *id*. at 2, the court in ruling on Smathers's motion for restitution credit pointed out, *inter alia*, that "AOL [had] placed a value of $300,000 on the lists of customers that defendant and others stole," *id*., and that Smathers had "signed a plea agreement by which he had agreed that the intended loss to . . . []AOL[] was $300,000," *id*. at 1.  In addition, the court stated that a customer list is

> [a]n asset of [a] sort [that] cannot readily be measured, for the theft of personal information has significant consequences beyond the names on the list.  The value of the loss to AOL is much beyond the profits gained by the criminals who stole the names and sold them into the black market for assets of this type. In sentencing Smathers, I considered values relevant to sentencing, including that it would be impossible for defendant to pay.  *See* U.S.S.G. 5E1.1.  I defined the loss he intended as approximately equivalent to the profit Smathers gained, trebled--$84,000.  I considered it fair not to place values on *intangibles* for purposes of mandatory restitution, even if *those values might be considered reasonable in the commercial market*.

7

June 2016 Order at 2 (emphases added).

Rejecting the request that Smathers be given credit for restitution payments made by Dunaway, the court noted that Dunaway and Smathers had paid AOL only $6,219.92 and $5,894, respectively, towards their restitution obligations, *see id*. at 2, and thus, "jointly and severally, ha[d] not come anywhere close to compensating AOL for its loss caused by their criminal scheme," *id*. at 3. And after noting the contentions as to AOL's settlements and default judgments in civil litigation, *see id*. at 2-3, the court rejected Smathers's claim for restitution credit on that basis, finding that

> *the recoveries by AOL in those cases were not necessarily, and do not appear to be for the same loss caused by Dunaway and Smathers--nothing in the complaints in those cases suggests a connection between Dunaway and Smathers and the other individuals....* The fact that AOL has recovered from other spammers does not reduce Smathers' obligation, and his motion is denied.
>
> The clerk shall mark the motion (Doc. No. 44) terminated.

*Id*. at 3 (emphasis added).


## II.  DISCUSSION


On appeal, Smathers, represented by counsel once again, contends principally that the district court (a) erred in imposing on him "the full burden of pro[ving]" that AOL's civil litigation recoveries were for the same loss that he caused (Smathers brief on appeal at 26), and (b) clearly erred in finding that the losses were not the same.  For the reasons that follow, we find no basis for reversal.

The general goal of the MVRA, which is codified largely at 18 U.S.C. §§ 3663A and 3664, is to provide full compensation to victims of certain types of crimes.  It provides, *inter alia*, that a defendant who is convicted of specified categories of felonies, including crimes against property

in which an identifiable victim has suffered a pecuniary loss, shall, in addition to receiving any other penalty, be ordered to make restitution to the victim of the offense. *See* 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1). However, the MVRA is interpreted as not authorizing a victim's recovery of more than the amount of its loss. *See*, *e.g.*, *United States v. Nucci*, 364 F.3d 419, 423-24 (2d Cir. 2004); *United States v. Elson*, 577 F.3d 713, 734-35 (6th Cir. 2009) ("*Elson*"); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002); *United States v. Dawson*, 250 F.3d 1048, 1050-51 (7th Cir. 2001).

The conclusion that the MVRA does not authorize a victim to recover more than its total loss is based in part on § 3664(j), which states that

> [a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages *for the same loss* by the victim in--
>
> (A) any Federal civil proceeding; and
>
> (B) any State civil proceeding, to the extent provided by the law of the State,

18 U.S.C. § 3664(j)(2) (emphasis added). It is on this provision that Smathers principally relies.

"In general, we review an MVRA order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (internal quotation marks omitted). An abuse of discretion exists if the "challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). "Where there are challenges to the court's findings of fact, we review for clear error; insofar as the order rests on interpretations of law, we review those interpretations *de novo*." *United States v. Reifler*, 446 F.3d 65, 120 (2d Cir. 2006).

A. *Appealability of the Denial of a Motion for Reduction*

Before reaching the merits of Smathers's MVRA contentions, however, we consider the matter of appellate jurisdiction. With exceptions not pertinent here, federal courts of appeals have jurisdiction to entertain appeals only from "final decisions." 28 U.S.C. § 1291; *see generally Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). An order in a postjudgment proceeding is not necessarily a final decision "simply because it follows the entry of judgment." *United States v. Yalincak*, 853 F.3d 629, 636 (2d Cir. 2017) ("*Yalincak*"). "Generally, a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. (internal quotation marks omitted).

In *Yalincak*, we analyzed the finality of a district court order that, in 2007, had-- erroneously, *see id*. at 635--granted the defendant's postjudgment motions under § 3664(j)(2) to reduce his remaining restitution obligation by crediting him with certain funds recovered by a trustee in bankruptcy proceedings. Whether that 2007 grant of restitution credit was a "final" decision became an issue when the district court vacated it in 2015, invoking the court's inherent "power to grant relief from erroneous interlocutory orders," 853 F.3d at 632 (internal quotation marks omitted); the defendant appealed from the 2015 order, contending that the prior order was a final decision that the district court had no power to alter. We agreed that the court lacked the authority to vacate its 2007 order because "an order granting a motion for credit under 18 U.S.C. § 3664(j)(2) is final and thus appealable" when it "conclusively determines a defendant's entitlement to credit under § 3664(j)(2) for particular funds," 853 F.3d at 632-33; and the court had "conclusively," and "unconditionally grant[ed] Yalincak's motions for credit," *id*. at 633, 640.

In the present case, the district court's June 2016 Order was a final decision on

Smathers's 2016 Restitution Reduction Motion. The court's dismissal of Smathers's claim for credit, as presented in 2016, was based on Smathers's failure to present proof either that AOL's civil litigation recoveries were for the same loss caused by Smathers or that AOL had recovered sums compensating it for the total amount of loss caused by Smathers. This decision stands in clear contrast to the court's reaction to Smathers's 2007 quest for restitution credit for those AOL recoveries, as set out in the 2007 Wolfe Letter. In 2007, the district court did not decide whether or not Smathers was entitled to credit; rather, it gave him leave to pursue such credit by presenting competent supporting evidence. The June 2016 Order--entered after Smathers formally requested restitution credit (again without evidentiary support) and replied to the government's opposition--denied Smathers's motion because of lack of proof, and "terminated" the motion. June 2016 Order at 3. That unconditional dismissal of Smathers's claim for credit as unsubstantiated was a final decision, appealable pursuant to § 1291.

B. *Allocations of the Burden of Proof Under the MVRA*

Smathers contends principally that the district court erred in placing on him the burden of proving that AOL's recoveries in civil litigation were "for the same loss" he caused, 18 U.S.C. § 3664(j)(2), and that those recoveries equaled or exceeded the loss he caused. We disagree.

The MVRA states that "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," 18 U.S.C. § 3664(e), and provides for various allocations of the burden of proof:

> The burden of demonstrating the amount of the loss sustained by a victim as
> a result of the offense shall be on the attorney for the Government. The burden
> of demonstrating the financial resources of the defendant and the financial
> needs of the defendant's dependents, shall be on the defendant. *The burden of*

11

*demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.*

*Id*. (emphasis added). Thus, as to issues other than the amount of the victim's loss and the finances of the defendant and his dependents, the MVRA entrusts allocation of the burden of proof to the district court's discretion.

As a general matter, the burden of proof as to a given issue is normally placed on the party that has an affirmative goal and presumptive access to proof. *See*, *e.g.*, *United States v. Technodyne LLC*, 753 F.3d 368, 380 (2d Cir. 2014); 9 J. Wigmore, *Evidence* § 2486 (Chadbourne rev. 1981). With respect to requests by defendants for credits against their restitution obligations, this principle has been applied to place the burden of proof on the defendant, whether the payments to the victim were made by the defendant himself, *see*, *e.g.*, *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998) ("the burden of proving an offset should lie with the defendant" because "the defendant should know the value of any compensation he has already provided to the victim"), *cert. denied*, 526 U.S. 1133 (1999); *United States v. Malone*, 747 F.3d 481, 486 (7th Cir. 2014) ("the defendant is in the best position to know what he has returned to the victim and has the strongest incentive to litigate the issue"), or were made by other persons, *see Elson*, 577 F.3d at 734.

In *Elson*, the defendant--in a direct appeal from the restitution portion of his sentence for conspiracy to obstruct a grand jury investigation by concealing assets from creditors, his ex-wife, and the government--challenged the denial of restitution credit for a civil lawsuit settlement payment to a victim by one of Elson's coconspirators, and for the transfer of property to the government by another coconspirator. The court of appeals, noting that the MVRA allocates the burdens of proof as to various issues to "the parties who are best able to satisfy those burdens," stated that "[t]he burden of proving an offset should lie with the defendant." 577 F.3d at 734 (internal quotation marks

12

omitted). The court concluded that Elson had not carried that burden.

As to the settlement payment received by one victim from a coconspirator, Elson was held not entitled to restitution credit for the entire loss because he "ha[d] not shown that," the victim had actually "received compensation" for that entire loss. *Id*. at 734; *see also id*. at 735 ("funds the victims have *not* received cannot reduce or offset the amount of losses the defendant is required to repay" (emphasis in original) (internal quotation marks omitted)); *Yalincak*, 853 F.3d at 635 (credit inappropriate until the offsetting funds are actually received by the victim); *United States v. McGinn*, 787 F.3d 116, 130-31 (2d Cir. 2015) (same). As to the property that Elson's coconspirator turned over to the government, the court noted, *inter alia*, that Elson had not shown that that was the same property of which the victims had been defrauded, *see Elson*, 577 F.3d at 734-35, and that Elson "ha[d] not met his burden of showing that the government . . . collected on the returned [property] and distributed the proceeds to the victims," *id*. at 735.

In the present case, Smathers unquestionably has the strongest incentive to establish that he is entitled to a reduction of his remaining restitution obligation. And as the government was not a party to the civil litigation on which Smathers relies, the government has no greater access than Smathers to the records in that litigation. We see no abuse of discretion in the district court's determination that justice required that Smathers--who caused injury to AOL and seeks credit for payments to AOL by other persons--have the burden of proving that recoveries by AOL in civil litigation were for the same loss that he caused and that AOL has been compensated in full for the loss he caused.

13

C. *Other Contentions*

Smathers also contends, *inter alia*, that the district court's refusal to find that the AOL recoveries were for the same loss caused by Smathers was clearly erroneous, and that the court improperly denied his motion without a hearing. His contentions are meritless.

Smathers's argument that AOL's *Hawke* Litigation complaint itself showed that any recovery in that case compensated the same loss that was caused by Smathers is far wide of the mark. In so arguing, he quotes an allegation in that complaint that the defendants "conspired [. . .] with one another and third parties to intentionally exceed authorized access to AOL's Protected Computer Facilities by harvesting and collecting AOL Member e-mail addresses." (Smathers brief on appeal at 16 (internal quotation marks omitted).) But the individual defendants in that case were Hawke, Bournival, and 50 John-Doe defendants whose names were not then known to AOL (*see Hawke* Litigation complaint ¶¶ 1, 12); and Smathers cannot point to anything in the complaint that mentions his name. Further, given the quoted allegation's reference to plural "third parties," nothing implies that the defendants obtained stolen AOL customer lists only from Smathers.

Nor do we see any error in the district court's conclusion that Smathers's remaining restitution obligation should not be reduced by restitution payments made by Dunaway. The court found that the restitution payments made by Smathers and those made by Dunaway do not total as much as $84,000, a finding that is not challenged. And the Judgment against Smathers stated that AOL's total loss was $300,000--the amount of loss that Smathers's plea agreement stated was intended.

To the extent that Smathers contends he has been denied a fair hearing, his contention is meritless. As described in Part I above, despite being informed by the district court's 2007 Order

14

that any motion for restitution credit should be accompanied by affidavits or other competent proof, Smathers has repeatedly argued only that the burden should be on the government to disprove assertions as to which he has presented no competent evidence. The court heard those arguments; no further hearing was required.

## CONCLUSION

We have considered all of Smathers's contentions on this appeal and have found them to be without merit. The June 2016 Order of the district court is affirmed.