**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand nineteen.

PRESENT:
JON O. NEWMAN,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 No. 17-3545-cr

MAIR FAIBISH,

*Defendant-Appellant.*

---

| | |
|---|---|
| *For Defendant-Appellant*: | Jillian S. Harrington, Monroe Township, NJ. |
| *For Appellee*: | Sylvia Shweder, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Mair Faibish appeals from a restitution order entered on October 17, 2017, following a jury trial in which he was convicted of conspiracy to commit securities and bank fraud in violation of 18 U.S.C. § 1349, bank fraud in violation of 18 U.S.C. §1344, and making a false statement in a report required to be filed with the Securities & Exchange Commission in violation of 15 U.S.C § 78ff(a). At sentencing, after hearing from both parties, the district court ordered, among other things, restitution in the amount of $31,510,887.91. As for Signature Bank, one of Faibish's victims, the court ordered Faibish to pay $21,431,890 in restitution. With respect to the Synergy Fiduciary, another victim, Faibish was instructed to pay restitution in the amount of $9,594,729. Faibish now appeals that restitution order, arguing Signature Bank should not receive any restitution, or at least not full, because its banking practices contributed to its losses and that the Synergy Fiduciary was not harmed to the extent that the district court ordered restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments presented on appeal.

We review for abuse of discretion orders of restitution. *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006). A court has exceeded the bounds of its

2

discretion when its "ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *Id.*

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, makes restitution mandatory for certain crimes, including fraud. *See* § 3663A(c)(1)(A)(ii). Restitution under the MVRA is aimed at "restor[ing] a victim, to the extent money can do so, to the position he occupied before sustaining injury." *Boccagna*, 450 F.3d at 115. "Review of restitution orders is extremely deferential." *United States v. Ismail*, 219 F.3d 76, 78 (2d Cir. 2000) (internal quotation marks omitted). Faibish takes issue with the amount of restitution for two victims, Signature Bank and the Synergy Fiduciary, each of which we address in turn.

First, Faibish insists that Signature Bank is not entitled to any restitution, or at least not full, because it "bears responsibility for its losses for allowing Mr. Faibish and [his co-conspirators] an irresponsible and astonishing fourteen day float time." Appellant's Br. 33. He is wrong. "Even if a bank victim is negligent, it is entitled to restitution from a wrongdoer." *United States v. Berman*, 21 F.3d 753, 757 (7th Cir. 1994). The district court did not err in ordering Faibish to pay Signature Bank $21,431,890 in restitution.

Second, Faibish asserts that the amount of restitution owed to the Synergy Fiduciary is overinflated because that amount was calculated without deducting money the fiduciary had received to offset his losses and included unpaid loans that pre-dated the period of criminal activity. We disagree. While the Synergy Fiduciary initially sought over $15 million in restitution, the district court correctly excluded

unpaid promissory notes and stocks that were loaned and purchased prior to the criminal activity period. In so doing, the district court ensured the fiduciary was compensated only for losses sustained due to Faibish's criminal conduct as permitted under the MVRA. *See Boccagna*, 450 F.3d at 115. Whether a defendant's criminal conduct is the direct and proximate cause of a victim's losses in the context of an outstanding loan depends on whether the conduct interfered with repayment of the loan, irrespective of when the loan was originally made. Accordingly, because Faibish does not dispute that his scheme interfered with Synergy's repayment of the loans, the district court did not err in including lossess from the unpaid loans in the restitution amount. As to the offsets, the parties agree that there was a dearth of evidence before the district court, and it was not an abuse of discretion for the district court to place the burden of proof, and the consequences for failing to meet it, on Faibish. *See United States v. Smathers*, 879 F.3d 453, 460–61 (2d Cir. 2018). Thus, the district court properly ordered Faibish to pay the Synergy Fiduciary restitution in the amount of $9,594,729.

We have considered Faibish's remaining arguments and find them to be without merit. Accordingly, the district court's order is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court