20-334-cr
*United States v. Powell*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand twenty.**

PRESENT:    José A. Cabranes,
                Michael H. Park,
                William J. Nardini,
                      *Circuit Judges,*

---

United States of America,

                *Appellee,*                  20-334-cr

          v.

Chanelle Powell,

                *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**      Michael Hueston, Brooklyn, NY.

**FOR APPELLEE:**              Virginia Nguyen, Special Assistant
                                  United States Attorney (Jo Ann M.

Navickas, Assistant United States Attorney, *on the brief*), *for* Seth DuCharme, Acting United States Attorney, Eastern District of New York, New York, NY.

Appeal from a January 16, 2019 judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Chanelle Powell ("Powell") appeals from a judgment of conviction for one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and seven counts of substantive wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud beneficiaries of the U.S. Department of Veterans Affairs ("VA"). She was sentenced to 15 months of imprisonment for each count, all to run concurrently. Powell was also ordered to pay $48,548.51 in restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. On appeal Powell primarily challenges two calculations made during sentencing by the District Court: the calculation of loss under the Sentencing Guidelines and the calculation of restitution under the MVRA, which was based on the Guidelines calculation of loss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*Loss Calculation for Sentencing Guidelines*

In challenging her sentence as procedurally unreasonable, Powell primarily argues that the District Court used an erroneous loss amount in calculating her Guidelines range. "Under the Guidelines, the offense level for fraud offenses is linked explicitly to the harm caused to victims, measured in terms of monetary loss."[1] In general we review the reasonableness of the sentence imposed by the district court for abuse of discretion,[2] but "[w]e review a district court's factual findings as to loss amount for clear error and its legal conclusions de novo."[3]

We conclude that the District Court did not commit procedural error in arriving at its loss calculation. For the purposes of calculating the Guidelines range, loss is defined as "the greater of

---

[1] *United States v. Byors*, 586 F.3d 222, 225 (2d Cir. 2009) (citing U.S.S.G. § 2B1.1(b)).

[2] *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

[3] *United States v. Binday*, 804 F.3d 558, 595 (2d Cir. 2015) (citation omitted).

actual loss or intended loss."[4] Actual loss, in turn, is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense . . . ."[5] We have explained that a district court is not required to calculate loss with "absolute precision," but need only by a preponderance of the evidence "make 'a reasonable estimate of the loss' given the available information."[6]

Here, the District Court concluded that the loss amount attributable to Powell was greater than $40,000, which yielded a six-level enhancement to the offense level. The second addendum to the PSR had calculated a loss amount of $46,989.51, which was the amount of veterans benefits that co-conspirators re-routed into Netspend accounts for which cards were mailed to Powell or that were accessed by Powell's cell phone number ($38,624.19), as well as the amount of veterans benefits that were deposited into other bank accounts Powell controlled ($8,365.32). Finding that Powell had personal knowledge of her co-conspirators' actions, the District Court concluded that the loss amount of $46,989.51, as set forth in the second addendum to the PSR, was reasonably foreseeable to Powell on the basis of her relationship to the Netspend cards and bank accounts. On this record, the District Court's loss calculation constituted a "reasonable estimate of the loss given the available information."[7] We accordingly cannot conclude that the District Court clearly erred in finding that a loss of greater than $40,000 was reasonably foreseeable to Powell.[8]

*Loss Calculation for Restitution*

Powell also challenges the amount of restitution in the District Court's order. The MVRA applies to "an offense against property under this title, . . . including any offense committed by fraud or deceit,"[9] "in which an identifiable victim or victims has suffered a . . . pecuniary loss."[10] In such a case, a sentencing court "shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense."[11]

---

[4] *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 103 (2d Cir. 2014) (quoting U.S.S.G. § 2B1.1 cmt. 3(A)).

[5] *Id.* (quoting U.S.S.G. § 2B1.1 cmt. 3(A)(i)).

[6] *See United States v. Coppola*, 671 F.3d 220, 250 (2d Cir. 2012) (quoting U.S.S.G. § 2B1.1 cmt. 3(C)).

[7] *Binday*, 804 F.3d at 598.

[8] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Abiodun*, 536 F.3d 162, 166–67 (2d Cir. 2008) (quoting *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008)).

[9] 18 U.S.C. § 3663A(c)(1)(A)(ii),

[10] *Id.* § 3663A(c)(1)(B).

[11] *Id.* § 3663A(a)(1).

Our review of the record shows that Powell did not object to the restitution order at the time of sentencing; therefore, we review the District Court's order of restitution for plain error.[12] We conclude that the District Court did not plainly err in ordering restitution in the amount of $48,548.51. "The goal of restitution, in the criminal context, is to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury."[13] Since the purpose of restitution is compensatory and the MVRA limits restitution to the amount of each victim's losses, "a restitution order must be tied to the victim's actual, provable, loss," which is the government's burden to prove by a preponderance of the evidence.[14] However, the MVRA "requires only a reasonable approximation of losses supported by a sound methodology."[15]

The amount of restitution ordered by the District Court rested largely on the same factual basis upon which the District Court relied to calculate the loss amount attributable to Powell.[16] We have explained that the Guidelines loss calculation may serve as the basis for a restitution calculation because "the quantity and quality of evidence the district court may rely upon to determine the amount of loss is the same in both contexts."[17] Here, the quantity and quality of the evidence allowed the District Court to achieve a "reasonable approximation" of the "actual loss" suffered by victims.[18] Accordingly, we conclude that the District Court did not err, much less plainly err, in its restitution calculation.

---

[12] *See United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020) (stating that because "[defendant] did not object to the restitution order at the time of sentencing," on appeal "we review for plain error"). "In general, we review an MVRA order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Smathers*, 879 F.3d 453, 459 (2d Cir. 2018) (quoting *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006)). "Where there are challenges to the court's findings of fact, we review for clear error; insofar as the order rests on interpretations of law, we review those interpretations de novo." *Id.* (quoting *United States v. Reifler*, 446 F.3d 65, 120 (2d Cir. 2006)). We note that even if we did not review the order of restitution for plain error, we would still conclude that the District Court did not abuse its discretion in imposing the restitution order it did.

[13] *United States v. Finazzo*, 850 F.3d 94, 117 (2d Cir. 2017) (internal quotations omitted).

[14] *United States v. Zangari*, 677 F.3d 86, 91–92 (2d Cir. 2012).

[15] *United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013). Indeed, "our case law reflects the settled understanding among courts of appeals that a 'reasonable approximation' will suffice [in the calculation of restitution], especially in cases in which an exact dollar amount is inherently incalculable." *Id.* at 195–96 (footnote and citations omitted).

[16] In addition, in its consideration of restitution, the District Court noted that only monies associated with the conspiracy to defraud veterans of their benefits—the charged conspiracy to which Powell pleaded guilty—should be included in the restitution amount, thereby excluding, for example, certain money transferred by Victim A into a bank account owned by Powell as part of the lottery scheme.

[17] *United States v. Germosen*, 139 F.3d 120, 130 (2d Cir. 1998).

[18] We acknowledge that the District Court included $1,559 in its order of restitution—which was additional loss incurred by Victim A that was not veterans benefits—that the District Court expressly excluded from its loss calculation for Guidelines purposes. But, as we have noted here, "[t]he goal of

## CONCLUSION

We have reviewed the other arguments raised by Powell on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 16, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

restitution, in the criminal context, is to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury." *Finazzo*, 850 F.3d at 117 (internal quotations omitted). Since the purpose of restitution is compensatory, and neither party appears to contest that Victim A sustained an actual, provable loss of $1,559 separate and apart from the veterans benefits that were transferred through her account to Powell, that the District Court's order of restitution is slightly higher than its calculated loss amount does not change our conclusion that there was no plain error.