24-472(L)
*United States v. Fishbein*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-six.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

PAUL FISHBEIN,

> *Defendant-Appellant*.

———————————————————————

Nos. 24-472 (L)
24-2441 (Con)

For Defendant-Appellant:                BRIAN E. SPEARS (Ivan J. Ladd-Smith, *on the brief*), Spears Manning & Martini LLC, Southport, CT.

For Appellee:                           SARAH L. KUSHNER (Stephanie Simon, Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 12, 2024 judgment of the district court is **AFFIRMED**.

Paul Fishbein appeals from a judgment of conviction following a trial at which the jury found him guilty of wire fraud, mail fraud, theft of government funds, aggravated identity theft, and health care fraud. Those charges arose out of two fraudulent schemes targeting New York City's Human Resources Administration ("HRA") and Department of Housing Preservation and Development (collectively, the "Agencies"). In the first scheme, Fishbein falsely passed himself off as the owner of eighteen rental properties in order to obtain rental-assistance subsidies from the Agencies. In the second, Fishbein obtained

2

Medicaid benefits from the HRA through applications that understated his income by failing to disclose the proceeds he received from the rental scheme.

On appeal, Fishbein argues that the evidence admitted at trial was not sufficient to sustain his wire and mail fraud convictions. He also challenges the district court's jury instructions and evidentiary rulings, refusal to sever the health care fraud charge, loss calculation, and orders of restitution and forfeiture. We address each argument in turn.

## I. Sufficiency of the Evidence and Jury Instructions

Fishbein begins by challenging the sufficiency of the evidence underlying his convictions for wire and mail fraud, both of which concern the rental scheme; he also challenges the district court's jury instructions relating to those two counts. We review these challenges *de novo*. *See United States v. Pollok*, 139 F.4th 126, 134 (2d Cir. 2025); *United States v. Chastain*, 145 F.4th 282, 292 (2d Cir. 2025). "[W]e will sustain the jury's verdict if, crediting every inference that could have been drawn in the government's favor and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Pollok*, 139 F.4th at 134 (internal quotation marks omitted). "A jury instruction is erroneous if it

3

misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Fishman*, 157 F.4th 143, 160 (2d Cir. 2025) (internal quotation marks omitted).

Here, Fishbein argues that a reasonable jury could not have convicted him under the wire and mail fraud statutes because, given that he in fact rented out the properties he falsely claimed to own to low-income tenants covered by the Agencies' subsidy programs, "the Agencies received the benefit of their bargain." Fishbein Br. at 22. He also contends that the district court erred by instructing the jury to disregard that benefit-of-the-bargain defense. We disagree.

Fishbein's challenge to the sufficiency of the evidence as to the wire and mail fraud counts is untenable in light of the Supreme Court's recent decision in *Kousisis v. United States*, 605 U.S. 114 (2025). There, the Court held that the wire and mail fraud statutes "make criminal schemes in which the defendant 'intentionally [lies] to induce a victim into a transaction that will cost her money or property.'" *United States v. Runner*, 143 F.4th 146, 155–56 (2d Cir. 2025) (quoting *Kousisis*, 605 U.S. at 135). A defendant, in other words, "commits federal fraud *whenever* he uses a material misstatement to trick a victim into a contract that requires

4

handing over her money or property." *Id.* (emphasis added) (quoting *Kousisis*, 605 U.S. at 118).

Based on the evidence admitted at trial, a reasonable jury could readily have found that Fishbein did just that. The evidence showed that Fishbein lied to the Agencies by falsely stating that he owned the rental properties at issue, that those lies were material because, among other reasons, only property *owners* were eligible to participate in the subsidy programs, and that Fishbein's goal was to obtain money in the form of rental subsidy payments from the Agencies. Under the fraudulent-inducement theory recognized in *Kousisis*, the wire and mail fraud statutes "require[] nothing more." 605 U.S. at 123.

Fishbein's objection to the district court's rejection of his proposed benefit-of-the-bargain jury instruction is similarly unpersuasive. Fishbein's proposed instruction would effectively have required the government to prove his fraudulent scheme "contemplated that actual harm would befall the Agency victims." Fishbein Br. at 30. But as the Supreme Court made clear in *Kousisis*, "a defendant violates [the wire and mail fraud statutes] by scheming to obtain the victim's money or property, regardless of whether he seeks to leave the victim economically worse off." 605 U.S. at 124 (internal quotation marks omitted).

5

Under that approach, the intent-to-harm element is satisfied by evidence that the defendant intended to deprive the victim of money or property under materially false pretenses; some further showing of contemplated injury is not required. *Id.* at 127 n.5 (explaining that the requisite "injury has occurred when a fraudster obtains from an owner, by a false representation of a fact which he deems material, property which he would not otherwise have parted with upon the terms which he is thus induced to accept" (alteration adopted and internal quotation marks omitted)); *see also Runner*, 143 F.4th at 157 (explaining that a "scheme [which] sought to induce [victims] to pay money" under materially false pretenses "is enough to support a charge of mail or wire fraud" under *Kousisis*). It is therefore irrelevant to Fishbein's guilt whether he intended to cause harm to the Agencies beyond inducing them to part with the rental subsidies he obtained or whether "the Agencies received the rental housing that they bargained for." Fishbein Br. at 29; *see Kousisis*, 605 U.S. at 123 (rejecting "the premise that a scheme cannot constitute wire fraud if . . . the defendant provides something—be it money, property, or services—of equal value in return").

For these reasons, there was sufficient evidence from which the jury could find Fishbein guilty of wire and mail fraud relating to the rental scheme, and the

district court did not err in declining to instruct the jury on Fishbein's proposed benefit-of-the-bargain defense or by instructing the jury to disregard such a defense.

## II.    Evidentiary Rulings

Next, Fishbein raises a trio of challenges to the district court's evidentiary rulings.   "We review a district court's evidentiary rulings for abuse of discretion." *United States v. Ho*, 984 F.3d 191, 207 (2d Cir. 2020).   "To find such an abuse we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." *Id.* (internal quotation marks omitted).   "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Fed. R. Evid. 401.   Although relevant evidence is generally admissible, Fed. R. Evid. 402, district courts have considerable discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.

First, Fishbein contends that the district court improperly prevented him from eliciting testimony from Agency witnesses that the Agencies continued to pay him rental subsidies even after he was indicted in this case. That testimony, Fishbein asserts, would have been "relevant to [his] intent and the question of whether he contemplated some actual, cognizable harm to the Agencies." Fishbein Br. at 35. But under the wire and mail fraud statutes, the government was required to prove only that Fishbein intended to obtain money or property from the Agencies by way of a "scheme or artifice to defraud," *Kousisis*, 605 U.S. at 121 (quoting 18 U.S.C. § 1343) – not that he actually "sought to hurt the victim[s'] bottom line," *id.* at 122. Accordingly, whether Fishbein contemplated harm to the Agencies beyond inducing them to part with their money was irrelevant for purposes of intent. The district court therefore properly excluded the proffered testimony.

Second, Fishbein asserts that the district court erred by preventing him from cross-examining government witness Erica Yitzhak – an attorney whose identity Fishbein was alleged to have stolen in furtherance of the rental scheme – on various lawsuits that had been filed against her. According to Fishbein, that line

8

of questioning would have undermined Yitzhak's credibility concerning whether he had permission to use her identity.

Of the six lawsuits at issue, however, "[f]ive . . . were dismissed with no findings of liability against Yitzhak." Sp. App'x at 25. And the sixth suit involved "a legal malpractice claim premised on negligence." *Id.* Critically, "none of the six lawsuits involve[d] [Fishbein] or the underlying charged conduct" in this case. *Id.* We therefore perceive no abuse of discretion in the district court's determination that allowing Fishbein to cross-examine Yitzhak about the substance of the six lawsuits would "offer little probative value" while creating a serious risk of undue prejudice and confusing the jury. *Id.*; *see United States v. Krivoi*, 80 F.4th 142, 157 (2d Cir. 2023) ("A district court may limit cross-examination 'based on concerns about . . . prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant.'" (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))).

Finally, Fishbein argues that the district court unduly limited his opportunities to cross-examine government witness Aaron Samuel – presented as the true owner of one of the relevant rental properties – regarding his ownership interest in that property. But the district court did allow Fishbein a reasonable

9

degree of leeway to question Samuel about the property, and we perceive nothing "arbitrary" or "irrational" in the court's rulings sustaining certain of the government's objections to questions that called for hearsay, speculation, or otherwise marginally relevant testimony. *Ho*, 984 F.3d at 207.

## III. Joinder and Severance

Fishbein next argues that the district court erred in denying his motion to sever the health care fraud charge (which related to the Medicaid scheme) from the remaining four counts (which related to the rental scheme). We again disagree.

"We review the propriety of joinder *de novo*." *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008). Federal Rule of Criminal Procedure 8(a) "provides a liberal standard for joinder." *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977). Under that Rule, a defendant may be charged in separate counts under a single indictment if the charges "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Accordingly, "[j]oinder is proper where the same evidence may be used to prove each count or if the counts have a sufficient logical connection." *United States v.*

*Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks and citation omitted).

Here, the district court correctly held that the health care fraud charge and the remaining charges were "of the same or similar character."   Fed. R. Crim. P. 8(a).   The criminal schemes underlying both sets of charges involved similar conduct (fraud), targeted a common victim (the HRA), and sought to obtain similar kinds of proceeds (payments from public funds).   In addition, the source of the income that Fishbein failed to report on the applications he submitted to the HRA was the subsidy payments he obtained through the rental scheme.   The same evidence would therefore have tended to prove the charges underlying both schemes.   Because the health care fraud count had a clear logical connection to the remaining counts, joinder of all counts was appropriate under Rule 8(a).

We likewise reject Fishbein's arguments concerning his requests for severance under Rule 14(a).   A district court's denial of a motion for severance is reviewed for abuse of discretion.   *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998).   Rule 14(a) provides that "[i]f the joinder of offenses . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts."   Fed. R. Crim. P. 14(a).   But because Rule 8(a)

11

necessarily contemplates *some* prejudice against the defendant, a district court's denial of a motion for separate trials under Rule 14(a) "will not be overturned unless the defendant demonstrates that the failure to sever caused him *substantial* prejudice in the form of a miscarriage of justice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (emphasis added and internal quotation marks omitted).

Here, Fishbein does not identify anything approaching substantial prejudice resulting from the district court's denial of severance. He suggests that separate trials were necessary because he wanted to testify in his own defense regarding the rental scheme charges, but not with respect to the health care fraud charge. But Fishbein has not "[made] a convincing showing that he ha[d] both important testimony to give concerning [the rental scheme] and strong need to refrain from testifying on the [Medicaid scheme]." *United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980) (internal quotation marks omitted). And as discussed above, evidence relevant to prove the Medicaid scheme would likely have been admissible to prove the rental scheme, and vice versa. Because it was significantly more efficient for all counts to be tried together, the district court did not abuse its discretion in declining to sever the health care fraud charge.

12

## IV. Loss Calculation, Restitution, and Forfeiture

Finally, Fishbein challenges the district court's assessment of the loss amount for purposes of its Sentencing Guidelines calculation, as well as its orders of restitution and forfeiture. "[U]nder the Guidelines, the relevant loss amount must be established by a preponderance of the evidence, and we review such a calculation for clear error." *United States v. Constantinescu*, 147 F.4th 299, 314 (2d Cir. 2025) (internal quotation marks omitted). "In calculating the loss amount, the district court need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *Id.* (internal quotation marks omitted). In challenges to restitution and forfeiture orders, we review questions of law *de novo* and factual findings for clear error. *United States v. Kelly*, 128 F.4th 387, 427 (2d Cir. 2025); *United States v. Rainford*, 110 F.4th 455, 488 (2d Cir. 2024).

Following a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), the district court found by a preponderance of the evidence that Fishbein received subsidy payments totaling $1,789,116.41 from the Agencies in connection with eighteen properties involved in the rental scheme. To that amount, the district court added $56,002.80 in broker fees that Fishbein had obtained via his

13

theft of Yitzhak's identity and $49,524.80 in benefits that he received through the Medicaid scheme, resulting in a total loss amount of $1,894,644.01. The district court also ordered restitution and forfeiture in that same amount. On appeal, Fishbein argues that the district court erred by including the full amount of the subsidy payments alleged by the government, without crediting him for the value of the rental services he supposedly provided. We are unpersuaded.

Fishbein suggests that for fifteen of the properties involved in the scheme, the government was obligated (but failed) to offer testimony from the alleged true owners of the properties at the *Fatico* hearing. But as long as the district court's findings are "grounded in the evidence and [do] not derive from mere speculation," there is no requirement that the loss amount be supported by any particular forms of evidence. *United States v. Coppola*, 671 F.3d 220, 249 (2d Cir. 2012). And apart from arguing that the government should have offered testimony by the true owners, Fishbein identifies no flaw in the district court's conclusion that Fishbein fraudulently claimed to own each of the relevant properties. Indeed, Fishbein acknowledges that "the government offered affidavits and testimony from notaries" indicating that the signatures "on relevant deeds had been forged." Fishbein Br. at 49. And Fishbein has pointed to

14

nothing beyond his say-so to suggest that such evidence was categorically "insufficient" in the absence of testimony by the property owners. *Id.* at 56. We therefore see no error, let alone clear error, in the district court's decision to include the rental payments for all eighteen properties in calculating the loss amount or in ordering restitution and forfeiture.

The district court was also justified in rejecting Fishbein's assertions concerning the value of the rental services that he claims to have provided, which he claimed was equivalent to the full amount of the subsidy payments he received. Despite having had ample opportunity to do so, Fishbein failed to present evidence regarding the value (if any) of the services he claims to have provided. *See United States v. Smathers*, 879 F.3d 453, 460–61 (2d Cir. 2018) ("[T]he burden of proof as to a given issue is normally placed on the party that has an affirmative goal and presumptive access to proof."); *see also United States v. Reid*, 764 F.3d 528, 534 (6th Cir. 2014) (explaining that "the defendant has the burden of proving the specific value by which the loss amount should be reduced"); *United States v. Borrasi*, 639 F.3d 774, 783–84 (7th Cir. 2011) (similar). And the district court was certainly not obliged to accept Fishbein's assertion that the amount of the subsidy payments he received was equivalent to the value that he provided to the

Agencies. Accordingly, the district court did not clearly err in assessing the loss amount under the Guidelines or in ordering restitution and forfeiture.

Equally unpersuasive is Fishbein's alternative argument that the district court erred by "fail[ing] to recognize its authority to depart or vary from the Guidelines range to address the lack of harm to the Agencies." Fishbein Br. at 61. "We entertain a strong presumption that the sentencing judge has considered all arguments properly presented to him, unless the record clearly suggests otherwise." *United States v. Esteras*, 102 F.4th 98, 109 (2d Cir. 2024) (internal quotation marks omitted). Here, nothing in the record suggests that the district court misconstrued its authority to sentence Fishbein below the advisory Guidelines range based on the purported lack of harm to the Agencies. The district court simply rejected Fishbein's argument as "specious," explaining that Fishbein had no right to "deal in stolen property" or to "put his stamp of approval on the use of the subsidies." App'x at 1864.

\* \* \*

We have considered Fishbein's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Fishbein filed a separate notice of appeal with respect to a September 6, 2024 order of the district court denying without prejudice his motion for the return of property seized by the government. That appeal, No. 24-2441, was consolidated with his appeal of his judgment of conviction, No. 24-472.   Because Fishbein has not advanced any argument on appeal with respect to the September 6 order, we consider him to have abandoned his appeal of that order.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).   We therefore dismiss Fishbein's appeal in No. 24-2441.