*United States v. Cooke*

# United States Court of Appeals
# For the Second Circuit

August Term 2024

Argued: May 13, 2025
Decided: July 10, 2025

No. 24-1967

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

JAMEES COOKE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of New York
No. 23-cr-8, Philip M. Halpern, *Judge.*

Before: SULLIVAN, BIANCO, and MENASHI, *Circuit Judges.*

Jamees Cooke appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Halpern, *J.*) following his guilty plea to one count of assaulting, resisting, and interfering with federal officers, in violation of 18 U.S.C. § 111(a)(1), (b).  The district court sentenced Cooke to eighty-four months' imprisonment, to be followed by three years of supervised release.  On appeal, Cooke contends that the district court erred in applying the six-level official-victim enhancement under section 3A1.2 of the

United States Sentencing Guidelines. Cooke does not contest that he meets each of the requirements under section 3A1.2(b), arguing instead that section 3A1.2(b) does not apply when the offense guideline already contains an enhancement that accounts for the status of the victim as a government officer. While we agree with Cooke that section 3A1.2(b) does not apply if the offense guideline already incorporates an enhancement for the status of the victim as a government officer, we hold that the only offense guideline that incorporates such an enhancement is section 2A2.4, which is not at issue in this appeal. Accordingly, we **AFFIRM** the judgment of the district court.

AFFIRMED.

KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

TIMOTHY LY (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Jamees Cooke appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Halpern, *J.*) after he pleaded guilty to one count of assaulting, resisting, and interfering with federal officers, in violation of 18 U.S.C. § 111(a)(1), (b). The district court sentenced Cooke to eighty-four months' imprisonment, to be followed by three years of supervised release. On appeal, Cooke contends that the district court erred in applying the six-level official-victim enhancement under section 3A1.2 of the United States Sentencing

2

Guidelines (the "Guidelines"). Cooke does not contest that he meets each of the requirements under section 3A1.2(b), arguing instead that section 3A1.2(b) does not apply when the offense guideline already contains an enhancement that accounts for the status of the victim as a government officer. While we agree with Cooke that section 3A1.2(b) does not apply if the offense guideline already incorporates an enhancement for the status of the victim as a government officer, we hold that the only offense guideline that incorporates such an enhancement is section 2A2.4, which is not at issue in this appeal. Accordingly, we AFFIRM the judgment of the district court.

## I.  BACKGROUND

On November 29, 2022, a six-member team from the United States Marshals Service Regional Fugitive Task Force arrived at a restaurant where Cooke was employed to execute three outstanding warrants for his arrest. One Task Force Officer ("TFO") and one Deputy U.S. Marshal waited outside the back of the restaurant while two TFOs waited inside a vehicle parked near the front door of the restaurant. Two other TFOs then entered the restaurant, identified themselves to the restaurant staff and management, and asked whether Cooke was working that day. Upon learning of the presence of law enforcement, Cooke attempted to

escape through the back door, but as soon as he opened the door, he encountered the Deputy Marshal, who identified himself as a law enforcement officer. Cooke then slammed the back door shut and returned inside the restaurant. He soon became disorderly, screaming at the TFOs inside the restaurant, refusing to comply with their commands, and picking up the baskets in the kitchen's hot oil fryers in a threatening manner.

As one of the TFOs reached for Cooke's left arm to handcuff him, Cooke suddenly punched the TFO in the eye with a closed fist. The TFO described feeling "as if [his] eye popped from [his] head with a flash of white light causing temporary vision impairment." Presentence Investigation Report ("PSR") ¶ 19 (internal quotation marks omitted). Cooke continued to resist arrest, including biting – and breaking the skin of – another TFO's leg. Although the TFO commanded Cooke to stop biting him, Cooke refused to comply until the TFO struck him twice in the head. The officers ultimately restrained Cooke with leg irons, but even as they escorted him out of the restaurant, he persisted in shouting profanities and ethnic slurs and threatened to "push the TFO[s] into the fryers." *Id.* ¶ 14 (internal quotation marks omitted).

4

Following the incident, the TFO punched by Cooke was diagnosed with a blow-out fracture of the lower orbital floor of his eye. This fracture required surgical repair, including the placement of resin plates and titanium supports to prevent his eye from sinking into his nasal cavity. The TFO was unable to work for eight months and now suffers from permanent double vision during certain eye movements, which has impeded his ability to serve as a full-duty police officer and "will affect any future employment in the field [he] devoted [his] life to." *Id.* ¶ 19 (internal quotation marks omitted).

On January 5, 2023, a grand jury in the Southern District of New York returned an indictment against Cooke, charging him with one count of assaulting, resisting, and interfering with federal officers, in violation of 18 U.S.C. § 111(a)(1), (b). On January 18, 2024, Cooke pleaded guilty to that charge without a plea agreement. In advance of sentencing, the United States Probation Office prepared a PSR, which recommended the application of a six-level enhancement under section 3A1.2(c)(1) for creating a substantial risk of serious bodily injury while assaulting a person known by him to be a law enforcement officer. The government agreed with this recommendation and argued that the district court could alternatively apply a six-level enhancement under section 3A1.2(b) because

Cooke's assault was motivated by the victims' status as law enforcement officers. For his part, Cooke argued that the enhancement under section 3A1.2(c)(1) did not apply because he did not assault a law enforcement officer in the course of committing another offense and that section 3A1.2(b) did not apply because his conduct was not motivated by the victims' status as law enforcement officers.

On July 16, 2024, Cooke appeared for sentencing, at which time the district court concluded that Cooke's conduct satisfied the requirements of the official-victim enhancement under either section 3A1.2(c)(1) or section 3A1.2(b). In particular, the district court held that section 3A1.2(c)(1) applies even when the sole criminal act alleged is the assault of a law enforcement officer. The district court also concluded, in the alternative, that Cooke's conduct was motivated by the victims' status as law enforcement officers and thus the six-level enhancement could be applied under section 3A1.2(b). In light of these findings, the district court calculated Cooke's total offense level to be 26, his criminal history category to be V, and his Guidelines range to be 110 to 137 months' imprisonment. The district court then imposed a below-Guidelines sentence of 84 months' imprisonment, to be followed by three years of supervised release. Cooke timely appealed, challenging only the applicability of the official-victim enhancement.

6

## II.    STANDARD OF REVIEW

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). When a defendant challenges the calculation of his Guidelines range, we "review[] the district court's interpretation of the Sentencing Guidelines *de novo*." *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005). However, if a defendant does not raise an objection on these procedural grounds at the time of sentencing, our review is confined to plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). To establish plain error, a defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (internal quotation marks omitted). The defendant bears the burden of establishing each of these elements. *See United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020). We have warned that "reversal for plain error should be used sparingly, solely in those circumstances in

which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

## III.  DISCUSSION

On appeal, Cooke does not contest that he meets each of the requirements for the six-level official-victim enhancement under Guidelines section 3A1.2(b). Rather, he argues that section 3A1.2(b) does not apply when the offense guideline already contains an enhancement that accounts for the status of the victim as a government officer.  Because Cooke did not raise this argument at the time of sentencing, our review is confined to plain error.[1]

"Interpretation of the Guidelines is similar to statutory construction." *United States v. Helm*, 58 F.4th 75, 90 (2d Cir. 2023) (internal quotation marks omitted).  In other words, "we employ basic rules of statutory construction and give all terms in the Guidelines their ordinary meanings unless there are persuasive reasons not to do so." *United States v. Roberts*, 442 F.3d 128, 129 (2d Cir. 2006).  The Supreme Court has also instructed that "commentary in the Guidelines

---

[1] Citing our decision in *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009), Cooke argues that we should apply a relaxed form of plain-error review because the purported error here arose in the context of sentencing.  Our more recent case law has called into question whether this relaxed form of plain-error review has survived the Supreme Court's decision in *Davis v. United States*, 589 U.S. 345, 346–47 (2020).  *See United States v. Osuba*, 67 F.4th 56, 65 n.6 (2d Cir. 2023). Fortunately, we need not resolve that issue because Cooke fails to establish that the district court erred at all – let alone plainly erred – in applying section 3A1.2(b).

Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993); *see also United States v. Rainford*, 110 F.4th 455, 475 n.5 (2d Cir. 2024) (affirming the continued vitality of the *Stinson* doctrine). Accordingly, "we construe [a] guideline and its commentary together and seek to harmonize them. If a harmonizing interpretation is possible, that is the proper one (so long as it does not violate the Constitution or a federal statute)." *United States v. Pedragh*, 225 F.3d 240, 245 (2d Cir. 2000). But if "such a reading does not exist, for example if the guideline and commentary are plainly inconsistent, the guideline's plain language of course controls." *Id.* (footnote and internal quotation marks omitted).

Section 3A1.2(b) applies when (1) the victim was a current or former government officer or member of a current or former government officer's immediate family, (2) the offense was motivated by the victim's status, and (3) the offense guideline is from chapter two, part A of the Guidelines, which covers offenses against the person. Despite clearly satisfying each of the elements of section 3A1.2(b), Cooke seizes on an example in an application note that the official-victim enhancement "would not apply in the case of a robbery of a postal

9

employee because the offense guideline for robbery contains an enhancement ([section] 2B3.1(b)(1)) that takes such conduct into account." U.S.S.G. § 3A1.2 cmt. n.3. From this specific example, Cooke extrapolates a much broader exception that applies whenever "the offense guideline contains an enhancement that takes such conduct into account." Cooke Br. at 16–17 (alterations accepted and internal quotation marks omitted).

But Cooke's argument misses the mark. For starters, the postal-employee example does not even pertain to section 3A1.2(b). That is because the offense guideline for robbery appears in chapter two, part B (Economic Offenses), while section 3A1.2(b) only applies if the offense guideline appears in chapter two, part A (Offenses Against the Person). And to the extent Cooke argues that the postal-employee example implicitly creates a broader exception to the official-victim enhancement, this argument is foreclosed by the plain text of the Guidelines commentary. While it is true that section 3A1.2 does not apply "if the offense guideline specifically incorporates" the status of the victim, application note 2 makes clear that "[t]he *only* offense guideline in Chapter Two that specifically incorporates this factor is [section] 2A2.4 (Obstructing or Impeding Officers)." U.S.S.G. § 3A1.2 cmt. n.2 (emphasis added). This carve-out is, of course, no help

to Cooke because the offense guideline applicable to his conduct was section 2A2.2 (Aggravated Assault), *not* section 2A2.4.

Cook's interpretation is also undermined by the commentary to other provisions of the Guidelines. The Guidelines make clear that a defendant convicted of assaulting a federal officer in violation of 18 U.S.C. § 111(b) is subject to Guidelines section 2A2.2(b)(7), and the application note to that section explains that "[i]f subsection (b)(7) applies, [section] 3A1.2 (Official Victim) also shall apply." *Id.* § 2A2.2 cmt. n.4; *see also id.* § 2A2.2 cmt. background ("The enhancement in subsection (b)(7) is cumulative to the adjustment in [section] 3A1.2 (Official Victim)."). Adopting Cooke's proposed interpretation would directly contravene this application note because, in Cooke's view, section 3A1.2(b) could *never* apply if the enhancement for assaulting a federal officer in section 2A2.2(b)(7) applied. We will not adopt such a tenuous interpretation of the Guidelines commentary that effectively nullifies another provision of the commentary. *See Pedragh*, 225 F.3d at 245 ("[W]e construe [a] guideline and its commentary together and seek to harmonize them.").

Ultimately, while we agree that section 3A1.2(b) does not apply if the offense guideline already incorporates an enhancement for the status of the victim

as a government officer, we hold that the only offense guideline that actually incorporates such an enhancement is section 2A2.4, which is not at issue in this appeal. As a result, the district court did not err in applying the six-level enhancement under section 3A1.2(b).[2]

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[2] Because we conclude that the district court properly applied the six-level enhancement under section 3A1.2(b), we need not address Cooke's argument that the district court erred by relying on section 3A1.2(c) as an alternative basis to apply the six-level enhancement. *See United States v. Cramer*, 777 F.3d 597, 603 (2d Cir. 2015).