*United States v. Israilov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> > *Circuit Judges,*
> ELIZABETH C. COOMBE,[*]
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                 24-2356

ROMAN ISRAILOV,

> *Defendant-Appellant.*[†]

---

FOR DEFENDANT-APPELLANT:                    JEREMIAH DONOVAN, Old Saybrook, CT.

---

[*] Judge Elizabeth C. Coombe, of the United States District Court for the Northern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

1

FOR APPELLEE:                                      RYAN W. ALLISON, Assistant United States
                                                   Attorney (Mathew Andrews, Timothy V.
                                                   Capozzi, and Olga I. Zverovich, Assistant
                                                   United States Attorneys, *on the brief*), *for* Jay
                                                   Clayton, United States Attorney for the
                                                   Southern District of New York, New York,
                                                   NY.

Appeal from an order of restitution of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Roman Israilov pleaded guilty pursuant to a plea agreement to conspiracy to commit healthcare fraud and aggravated identity theft in violation of 18 U.S.C. §§ 371, 1028A. He was convicted of participating in a healthcare fraud scheme in which Israilov and his co-conspirators secretly owned and controlled medical clinics that were required by law to be owned by licensed physicians. They bribed 911 operators and hospital workers to obtain confidential information of car-accident victims, steered those victims to the clinics through deceptive outreach, and submitted insurance claims for treatments that were unnecessary, never provided, or exaggerated.

The district court sentenced Israilov to seven years' imprisonment, to be followed by a three-year term of supervised release. It also entered an order of restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq.*, holding Israilov and two codefendants jointly and severally liable for $46 million that insurance companies paid to the corrupt clinics. Israilov appeals from the order of restitution. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, to which we refer only as necessary to explain our decision to affirm.

We review a district court's restitution order under the MVRA for abuse of discretion. *United States v. Sullivan*, 118 F.4th 170, 227 (2d Cir. 2024). "To identify such abuse, we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (quotation marks omitted). When a defendant challenges aspects of a restitution order that he did not bring to the district court's attention, we review only for plain error. *See United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012).

Israilov raises four challenges to the restitution order. He contends that the district court erred by: (1) entering a restitution order in his absence; (2) declining to deduct the cost of medically necessary procedures from the restitution amount; (3) holding Israilov jointly and severally liable with his codefendants for the full amount of the loss; and (4) declining to make the insurance companies account for amounts they received in civil litigation settlements. We reject each argument in turn.

First, the district court did not plainly err by entering a restitution order and amending the judgment to reflect that order without Israilov present. Israilov argues that under Federal Rule of Criminal Procedure 43—which requires that a defendant be present at sentencing—the district court was required to pronounce the restitution order in his presence. Because he did not make this argument before the district court, we review only for plain error.[1] *See United States v.*

---

[1] Israilov asks us to apply the "relaxed plain error" standard that this Court has sometimes used in sentencing appeals where a defendant fails to lodge a contemporaneous objection to a challenged condition that he "lacked sufficient notice" of. Appellant's Br. at 13-14 (quotation marks omitted). But "[o]ur more recent case law has called into question whether this relaxed form of plain-error review has survived the Supreme Court's decision in *Davis v. United States*." *United States v. Cooke*, 143 F.4th 164, 167 n.1 (2d Cir. 2025); *see Davis v. United States*, 589 U.S. 345, 347 (2020) ("Our cases . . . do not purport to shield any category of errors from plain-error review."). In any event, Israilov failed to object despite having notice that the district court planned to file orders of restitution without a hearing or oral pronouncement. We thus review for plain error.

3

*Leroux*, 36 F.4th 115, 121 (2d Cir. 2022); Fed. R. Crim. P. 52(b). "Plain error is (1) error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Fishman*, 157 F.4th 143, 161 (2d Cir. 2025) (quotation omitted).

We need not resolve whether the district court erred by ordering restitution in Israilov's absence because any error was not plain. Although restitution is typically imposed at sentencing as part of a criminal sentence, *Ellingburg v. United States*, 146 S. Ct. 564, 567 (2026), the district court was permitted to impose the restitution order after sentencing, *see* 18 U.S.C. § 3664(d)(5). Under 18 U.S.C. § 3664(c), "the only rules applicable" to the issuance of a restitution order are the provisions of chapter 232, "chapter 227, and Rule 32(c) of the Federal Rules of Criminal Procedure," which do not require a defendant to be present. We have never held that a defendant must be present when a district court makes a final determination of the victims' losses after sentencing. *See United States v. Wyatt*, 9 F.4th 440, 454 (7th Cir. 2021) (concluding that a district court may enter a restitution order without the defendant present). Israilov cannot show that the district court plainly erred by ordering restitution in his absence. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("Certainly, an error cannot be deemed 'plain,' in the absence of binding precedent, where there is a genuine dispute among the other circuits.").

Second, the district court did not err by declining to reduce the restitution amount to account for medically necessary treatments. Israilov argues that the insurers' losses must be reduced by the value of any services his clinics rendered that were "medically necessary." But that is the wrong test. The MVRA compensates victims for their actual losses—that is, amounts the victims would not have paid but for the fraud. *United States v. Razzouk*, 984 F.3d 181, 188 (2d Cir. 2020) ("[T]he [MVRA] is designed to make victims of crime whole, to fully compensate

these victims for their losses and to restore these victims to their original state of well-being." (cleaned up)). The question, then, is not whether any particular treatment happened to be medically necessary. It is whether, absent the fraud, the insurers would have paid these clinics anything at all; and the answer on this record is no. Under New York law, fraudulently incorporated medical corporations are not entitled to reimbursement under the no-fault regime, even for claims reflecting appropriate care from a qualified professional. *State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313, 320 (2005). Because Israilov's clinics were not lawfully entitled to any reimbursement, the insurers would have paid nothing had the fraud been known. The full amount paid is therefore the full amount lost.

Third, the district court did not abuse its discretion in holding Israilov jointly and severally liable for the full amount of the victims' loss. When multiple defendants contribute to a loss, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). Israilov argues that he was less culpable than his codefendants and obtained only about $5 million total crime proceeds, but we conclude that the district court acted within its "considerable discretion" under the MVRA by making Israilov jointly and severally liable for the full restitution amount. *United States v. Yalincak*, 30 F.4th 115, 130 n.5 (2d Cir. 2022). A restitution order is based on the victims' loss rather than a defendant's gain, so the district court was not required to limit Israilov's liability to the $5 million he received from the scheme. *Zangari*, 677 F.3d at 91. And even if Israilov was less culpable than his codefendants, he was "the third-ranking member of the . . . conspiracy," Appellant's Br. at 34, and contributed jointly to the victims' losses. It was thus not an abuse of discretion to make him liable for the full restitution amount.

5

Finally, the district court did not abuse its discretion in declining to order that the victim insurance companies present evidence about the amount of money they received in other settlements or reducing the restitution order by those amounts. We have recognized that when a defendant argues that his restitution payment should be reduced by sums paid to the victims in other settlements, the district court may "place the burden of proof on the defendant, whether the payments to the victim were made by the defendant himself, or were made by other persons." *United States v. Smathers*, 879 F.3d 453, 460-61 (2d Cir. 2018) (internal citations omitted).

Israilov argued to the district court that the government failed to account for his civil litigation settlements with some of the insurance companies. He argues on appeal that the government and insurance companies also should have accounted for payments the victims received from other parties. As to both the payments he claims that he made to the insurance companies, and those that he contends "other persons" made, the burden rested on Israilov to prove that he was entitled to an offset. *Id.* at 460. He offered no evidence about settlement payments made to victims in this case, much less the amount of such payments, so the district court reasonably concluded that he had "not provided sufficient information concerning these settlements to justify reducing the restitution amounts." *United States v. Israilov*, No. 22-CR-20 (PGG), 2024 WL 3888773, at *10 (S.D.N.Y. Aug. 20, 2024).

\*       \*       \*

We have considered Israilov's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6